VARNER *v.* TURNER.

Opinion delivered May 27, 1907.

1. REFORMATION OF INSTRUMENT—LACHES.—After lapse of a quarter of a century it should require a very strong showing to justify a court in reforming a deed to land in which strangers have subsequently acquired rights. (Page 132.)

2. SAME—MUTUAL MISTAKE.—To entitle a party to reform a deed upon the ground of mistake, it must be clearly shown that the mistake was common to both parties, and that the deed as executed does not express the contract as understood by either of them. (Page 133.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; reversed.

STATEMENT BY THE COURT.

In June, 1882, S. D. Turner for a valuable consideration executed a deed to S. M. Turner, Jr., conveying to him the undivided one-fourth interest in certain land in Sebastian County, Arkansas, that S. D. Turner owned as an heir-at-law of S. M. Turner, Sr.

In July, 1904, S. D. Turner brought this suit in equity against S. M. Turner, Jr., and others to correct and reform the deed executed by him to S. M. Turner, Jr., alleging that by a mutual mistake of the parties to that deed it was made to include 160 acres of land held at that time by Mrs. Mary Turner as dower in the estate of S. D. Turner, Sr.

The defendant appeared and answered the complaint. On the hearing the chancellor found in favor of the plaintiff, and rendered a decree reforming the deed. Defendant appealed.

*T. B. Pryor,* for appellant.

1. A mere preponderance of parol evidence is not sufficient to overturn the terms of a written instrument and warrant its reformation, but the evidence must be clear, unequivocal and decisive,—the clearest and strongest evidence of the mutual mistake. 75 Ark. 75. There being no allegation of fraud, in order to entitle one to a reformation on the ground of mistake it must be clearly shown that the mistake was common to both parties. 71 Ark. 619.

2. Appellee is not entitled to the relief granted in the decree because of laches in delaying such a length of time as works a disadvantage to others. 81 Ark. 352; 55 Ark. 95.

*Holland & Holland,* for appellee.

The only question in this case is: Was there mutual mistake in the draft or execution of the deed of June 10, 1882, by the parties thereto? Appellee's case does not rest entirely upon oral proof; but, if that were the only proof relied on, it measures up to the standard required by law. 71 Ark. 615, 616.

RIDDICK, J., (after stating the facts.) This is an appeal from a decree reforming a deed executed by the plaintiff nearly a quarter of a century ago. The party to whom this deed was executed died before the suit was brought, and the land is now in the hands of others. After such a long lapse of time it should require a very strong showing to justify a court in reforming a written instrument of that kind in which other parties have now acquired rights. "The law wisely holds that there shall come a time even when the wrongful possessor shall have peace; and that it is better that ancient wrongs should go unredressed than that ancient strife should be renewed." *Cunningham* v. *Brumback,* 23 Ark. 338. While it is true that there is some evidence to sustain the finding of the chancellor, it is not to our minds so clear and convincing as to justify a reformation of a written instrument on oral testimony after such a lapse of time. The plaintiff, it is true, testified that he had only recently discovered the mistake, but he was contradicted

in this statement by witnesses who said that they talked with him a short time after the deed was executed and that plaintiff stated to them at that time that the deed conveyed his entire interest in the estate.

To entitle a party to reform a deed on the ground of mistake merely, it must be clearly shown that the mistake was common to both parties and that the deed as executed does not express the contract as understood by either of them. *McGuigan* v. *Gaines,* 71 Ark. 617; *Goerke* v. *Rodgers,* 75 *Ib.* 75; *Marquette Timber Co.* v. *Chas. T. Abeles & Co.,* 81 Ark. 420.

A careful consideration of the evidence convinces us that plaintiff does not make out a cause for the interference of a court of equity. Judgment reversed and cause remanded with an order to dismiss the complaint for want of equity.