BRADLEY GIN COMPANY *v.* J. L. MEANS MACHINERY COMPANY, LIMITED.

Opinion delivered February 28, 1910.

1.  EVIDENCE—CONTRADICTING WRITING BY PAROL.—Parol evidence is not admissible to contradict or to vary or add to any of the terms of a written contract. (Page 132.)

2.  SAME—THING OMITTED FROM WRITING.—The law can not incorporate into an instrument what the parties left out, even though the omission was by the clearest mistake, unless the thing omitted is necessarily implied from that which is expressed. (Page 133.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Warren & Smith,* for appellant.

The court erred in sustaining a demurrer to the third paragraph of the answer. 56 Ark. 450; 60 Ark. 387; 4 L. R. A. 202, and cases there cited. Appellee waived all requirements of notice by abandoning the machinery without setting it up. 1 L. R. A. (N. S.) 142; 81 S. W. 663; 85 S. W. 690.

*Searcy & Parks,* for appellee.

The contract did not contemplate the recovery of special damages, and the demurrer was properly sustained. 64 Ark. 510; 72 Ark. 275; 48 Pa. St. 309; 190 U. S. 540. Moreover, the damages alleged were too remote. 83 Ark. 47.

FRAUENTHAL, J. This was a replevin suit instituted by the plaintiff below, J. L. Means Machinery Company, Ltd., against the Bradley Gin Company, to recover possession of certain gin machinery. On June 16, 1906, the plaintiff sold and

delivered to the defendant the gin machinery involved in this
suit under a written contract; and for the purchase money the
defendant executed three notes. In these notes it is expressly
provided that the title to said machinery was retained in the
plaintiff until the payment of the notes. The written contract of
sale, amongst other clauses, contained the following provisions:

### "SERVICES OF MEN.

"It is hereby expressly understood that if the J. L. Means
Machinery Company, Ltd., furnish a man to superintend the
erection of above machinery, or should........need the services
of a man for any purpose from the factory, I agree to pay to
the said J. L. Means Machinery Company, Ltd., the sum of
$4.00 per day, and board their men while at work on the job,
and also to pay his railroad fare to and from Shreveport, La.,
to place of erection of above machinery. I also agree to fur-
nish all material for erection of said machinery not stipulated
in this contract, and to furnish said superintendent with all help
he may demand to erect above-named machinery with dispatch.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"The purchaser agrees to properly put up and operate the
machinery according to the printed directions furnished by the
manufacturers, and that if the fault be traceable to not putting
up or operating according to printed directions purchaser agrees
to pay all expenses incurred in rectifying it.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"We, the undersigned, hereby certify that the foregoing
contract is an exact copy of the agreement between us, and
that the plans and specifications are accepted by both parties
to this contract.

"It is distinctly understood between us that no agreement,
verbal or otherwise, will be recognized unless specified in this
contract, which includes warranty on back hereof."

Upon the trial of the case the written contract and notes
were introduced in evidence.

The defendant paid the first maturing note, and upon its
failure to pay the other two notes after their maturity the
plaintiff instituted this suit.

The defendant in its answer alleged as a defense and on
the trial of the case offered evidence to prove the following:

That the machinery was sold to defendant for the price of $1,931.35; that it was purchased for the purpose of ginning cotton of the crop of 1906, and sold by plaintiff for that purpose; that at the time of the purchase the defendant was not familiar with the manner of erecting the machinery for the purpose of operation, and the plaintiff at the time of entering into the contract agreed to furnish a man from its factory to superintend the erection of the machinery; that, in pursuance of said agreement and understanding, the defendant relied upon plaintiff to furnish the man to superintend the erection of the machinery, which was known to the plaintiff. That plaintiff failed to furnish a man to erect the machinery, and by such failure the defendant was unable to put the machinery in operation for the season of 1906; and thereby it sustained damages in the sum of $2,000. And it asked in its answer that the pleading be taken as a cross-complaint, and that it have judgment for said damages.

The court refused to permit the introduction of said evidence, and sustained a demurrer to the paragraph of the answer setting up the above defense. A judgment was rendered in favor of the plaintiff for the recovery of the property or its value; from which judgment the defendant prosecutes this appeal.

The sole question involved in this case is whether or not the parol evidence offered by defendant that the plaintiff had agreed to furnish a man to erect the machinery was admissible; for, if that evidence was not admissible, then the allegations of the answer setting up that defense would not be sustained by any proof, and the defendant could not succeed in this suit. So that the ruling of the court sustaining the demurrer to the paragraph of the answer setting up that defense could not in any event be prejudicial to the defendant if such evidence offered by him was not admissible. The contract under which the defendant purchased the machinery was in writing, duly executed by both parties. It is conceded that no contract was made thereafter by the parties relative to this property. It is well settled that parol evidence is not admissible to contradict or to vary or to add to any of the terms of a written contract. *Roane v. Greene,* 24 Ark. 210; *Woodruff v. Tilly,* 25 Ark. 339; *Turner v. Baker,* 30 Ark. 186; *Anderson v. Wainwright,* 67 Ark. 62;

*Lower* v. *Hickman,* 80 Ark. 507; *Soudan Planting Co.* v. *Stevenson,* 83 Ark. 163; *Dalhoff Const. Co.* v. *Maurice,* 86 Ark. 162; *Boston Store* v. *Schleuter,* 88 Ark. 213; 1 Greenleaf on Evidence, § 275.

The rights and obligations of these parties must therefore be determined solely by the provisions of this written contract. No promise and no understanding which the language of the written instrument does not itself import can be proved by parol evidence. If the plain and reasonable construction of the language of this written instrument does not show a promise or obligation upon the part of the plaintiff to furnish a man to erect the machinery, then parol evidence is not admissible to add to or engraft upon this written contract such a promise or obligation.

The provision of the contract relative to the "services of men" states in substance that if the plaintiff should furnish a man to superintend the erection of the machinery then and in that event the defendant would pay four dollars per day for the services of such man, in addition to his board. The plain meaning of this language is that the defendant would make certain payments for the services if the plaintiff should see fit to furnish a man; and it cannot be said that by this language the plaintiff did agree and promise to furnish a man to erect the machinery. It is true that necessary implication is as much a part of a written instrument as if that which is thus necessarily implied from the express terms was actually expressed in the instrument. But where there is simply an omission of some term or agreement in the instrument, such omission cannot be supplied by parol evidence. The rule of necessary implication in a written contract is thus stated in the case of *Hudson Canal Co.* v. *Penn. Coal Co.,* 8 Wall. 276: "Where the act to be done by one of the contracting parties can only be done upon something of a corresponding character being done by the opposite party, the law in such a case, if the contract is so framed that it binds the party contracting to do the act, will imply a correlative obligation on the part of the other party to enable the party so contracting to accomplish his undertaking and fulfil his contract." But, as is said in the same case, the law cannot incorporate into an instrument what the parties left out of it, even though the omission was occasioned by the clearest mis-

take; and where the language to express an obligation or binding promise is wanting in the instrument, courts will not imply one.

By the above language of the contract in this case the plaintiff did not agree or obligate itself to furnish a man to erect the machinery. On the contrary, the contract provided that the defendant would only pay for his services in the event that the plaintiff should furnish the man. There was no act to be done by the defendant, and no obligation resting on it if the plaintiff did not furnish the man. In fact, from the language of the instrument it would be inferred that it was not necessary for the plaintiff to furnish a man. The statement that payment for services would be made only in event the plaintiff should furnish a man would imply that the plaintiff might not and would not furnish a man. This inference is further sustained by the other clause of the instrument wherein the defendant agreed to properly put up and operate the machinery according to the printed directions and plans that were furnished. It fully carries out the implication that defendant should either erect the machinery himself or secure a man to do so, and if he secured the man from plaintiff it would pay for his services, in addition to the price it was paying for the machinery.

It follows that the plaintiff did not by the written contract agree, either in express words or by necessary implication, to furnish a man to erect the machinery. Such a promise and agreement would add to the terms of the written contract an obligation not therein contained, and parol evidence of such a promise would therefore contravene the well established rule that parol evidence is not admissible to add to or vary a written contract.

The court did not err in refusing to admit the introduction of parol evidence of such a promise or agreement.

The judgment is affirmed.