## DEMPSEY. *v.* DAVIS.

### Opinion delivered April 3, 1911.

1. DEEDS—CONSTRUCTION.—A deed must be construed according to the intention of the parties, as manifested by the language of the whole instrument, giving all parts of the deed such construction, if possible, that they will stand together; but where there is a repugnancy between the granting and habendum clauses, the former will control the latter. (Page 573.)

2. SAME—FEE TAIL.—Where a deed conveyed land to the grantee and her children, "the natural offspring of her body," the effect thereof at common law was to create an estate tail, but under Kirby's Digest, § 735, a life estate was created in the grantee with fee in the person or persons to whom the estate tail would first pass at common law, towit, the heirs of the grantee's body; and if there be none such, the estate would revert to the grantor. (Page 573.)

3. SAME—GRANTING AND HABENDUM CLAUSES.—Where a deed created a fee tail at common law, Kirby's Digest, § 735, applies, though the habendum clause is "to hers (the grantee's) and their own proper use, benefit and behoof forever in fee simple." (Page 574.)

Appeal from Columbia Chancery Court; *James M. Barker,* Chancellor; reversed.

### STATEMENT BY THE COURT.

This cause involves the construction of the following deed:
"State of Arkansas.

"County of Columbia.

"Know all men by these presents that we, William A. and Selestia Ann Beasley, for and in consideration of the love and affection that we have to our daughter, Selestia Ann Jinett Dempsey, wife of John Dempsey, we do hereby give and bequeath and convey unto our said daughter and her children, the natural offspring of her body, all the right, title and interest with the possession of the following property, towit, the west half of section two, and the northeast quarter and the east half of the southeast quarter and the northwest quarter of the southeast quarter of section three, containing about five hundred and eighty acres of land, all in township sixteen south, range twenty-two west, with and singular the right, title and appurtenances thereunto belonging to hers and their own proper use, benefit and behoof forever in fee simple.

"And we, the said William A. and Selestia Ann Beasley, for ourselves and heirs, administrators and executors, will warrant and defend the right, title and interest of and possession of the same unto them to be free from our claim or the claims of any other person or persons claiming the same for us or under us or for our use or benefit forever, as witness our hands and seals this October, 1875."

The deed was duly acknowledged and recorded, and is made an exhibit to the complaint in this cause. The children of Selestia Ann Jinett Dempsey are the plaintiffs in the action, and they allege:

"4. That the purpose and effect of said conveyance was to convey to the said Selestia Ann Jinett Dempsey, who was then the wife of John Dempsey, now deceased, a life estate in said lands with the remainder of the fee therein to such children as were the issue of her body, and that the said Selestia Ann Jinett Dempsey entered into the possession thereof and held the same and now holds the same for her benefit and her said children; that at the time the aforesaid lands were deeded to the said Selestia Ann Jinett Dempsey she had no children; that the plaintiffs were born since the making of said deed.

"5. That during the year 1889, and till the year 1900, inclusive, at various times the said Selestia Ann Jinett Dempsey and her said husband, John Dempsey, sold and conveyed unto the defendants their interest in the pine timber standing on said land.

"6. That, during the time mentioned in the fifth paragraph of this complaint, the defendants were well and fully advised and informed as to the interest of these plaintiffs in said land, but wilfully disregarded plaintiff's rights of inheritance therein, and cut, removed and appropriated to themselves all the merchantable pine timber thereon."

The prayer of the complaint is that defendants be made to account for the value of the timber cut and removed from the land by the defendants, and that a master be appointed with power to take testimony for the purpose of ascertaining and stating the amount and value of the timber so cut and removed. They further pray that, if the court finds that they are not now entitled to recover the value of the timber cut and removed, the value thereof be impounded and invested for the benefit of such plain-

tiffs as may take the estate of inheritance in said lands after the life estate of Selestia Ann Jinett Dempsey be terminated.

The defendants, J. M. and V. M. Davis, demurred to the complaint, which was sustained by the court.

The plaintiffs refused to plead further, and, a decree having been entered dismissing their complaint for want of equity, they have appealed.

*Wade Kitchens* and *C. W. McKay*, for appellants.

1. The deed gave to Selestia Ann Jinett Dempsey a life estate with remainder to her children to be born. 5 Cyc. 679; 137 Fed. Rep. 822. The intent will prevail, taking the instrument as a whole, and the deed will not be declared void unless the various clauses are so repugnant as to leave no other course. Devlin on Deeds, § 836; 3 Am. Dec. 507; 18 Cal. 137; 58 Fed. 438; 78 Ark. 231; 64 Ark. 240-243; 137 Fed. Rep. 831. The deed created an estate tail at common law, which under our statute gave a life estate to the mother, remainder in fee to her *children*. 4 Kent, Com. 225; Tiedeman on Real Property, 425; Cooley's Blackstone, vol. 1 (4 ed.) 629; Tiffany on Real Prop. par. 25, 434; 13 Cyc. 662; Washb. Real Prop. vol. 2 (6 ed.), § 1616; 68 Ark. 369; 1 Ind. 107; 14 S. W. 904; 12 Ky. 27; 28 Ala. 314; 84 Am. Dec. 519; 2 Grant, Cas. 249; 161 Pa. 643; 73 S. W. 109; 68 Ark. 369; 47 Md. 513; 87 S. W. 1120; 137 Fed. Rep. 823.

2. If the words "her children, the offspring of her body," are words of limitation (see cases *sup.*), then the mother took a life estate with remainder in fee to her children—a fee tail at common law. 1 Washb. on Real Prop. (6 ed.) 84, § § 178, 195; 1 Kerr on Real Prop. 452; 1 Tiedeman, Real Property, § 47; 1 Kerr on Real Prop. § 460; 67 Ark. 520; Cooley's Blackstone (4 ed.) 515, 578, 580; 58 Ark. 313; 4 Kent, Com. (14 ed.) 236, 408.

3. The interest of appellants being that of remaindermen, the appellees are liable for waste. 128 S. W. 581.

*Hamby, Haynie & Hamby* and *Powell & Taylor*, for appellees.

1. The word "children" is often construed to be synonymous with "heirs." 68 Ark. 369; 72 Ark. 539. "Children" will

be construed to be words of limitation and mean "heirs" when no children were in being at date of the deed. 6 Coke 16a; 14 Gray 174; 16 East 399; 85 Ill. 242; 11 B. Mon. 32; 13 N. J. Eq. 236; 98 Ky. 285; 51 S. W. 173; 8 Bush 434; 149 Ind. 51; 48 N. E. 630; 11 S. C. 294; 57 N. C. 334; 3 Ga. 551; 80 Ga. 391; 24 Miss. 343; 165 Pa. 645; 166 U. S. 83. The after-born children took as heirs, and the deed passed a fee simple estate. 58 Ark. 303. There is no repugnancy in the granting and habendum clauses—the latter enlarges the fee tail to a fee simple estate.

2. The habendum may enlarge or extend, but not abridge, the estate limited in the premises. 53 Ark. 107; 78 Ark. 230; 82 *Id.* 209; 92 *Id.* 324; Elphinstone, Interp. Deeds, rule 66, p. 217. If the premises and habendum contain different express limitations, the limitation in the latter, if possible, will be considered explanatory of the granting clause; but, if repugnant, they will be considered in the manner most beneficial to the grantee. Cases *supra;* 2 Black. Com. 288; 2 Bacon, Abr. 260; 9 S. W. 798; 102 Pa. St. 347; 50 Mo. 192; 57 N. E. 238; 104 N. W. 579; Coke, Litt. 299a; 2 Sanders, Uses & Trusts (4 ed.), p. 318; Brewster on Conv. par. 131.

3. All deeds shall be construed to convey a complete estate unless expressly limited by words in the deed. Kirby's Digest, § 733. The word "heirs" is no longer necessary to create an estate in fee simple. *Ib.*

HART, J., (after stating the facts). A deed must be construed according to the intention of the parties, as manifested by the language of the whole instrument; and it is our duty to give all parts of the deed such construction, if possible, as that they will stand together; but where there is a repugnancy between the granting and habendum clauses, the former will control the latter. *Whetstone* v. *Hunt,* 78 Ark. 231.

Bearing in mind these fundamental rules of construction, it is clear that the words "children, the natural offspring of her body," are synonymous with "bodily heirs" or "heirs of her body," and exclude the idea that they are synonymous with the general word, "heirs." When so construed, the estate granted is controlled by the decision in the following cases: *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18; *Wilmans* v. *Robinson,* 67 Ark. 517; *Horsley* v. *Hilburn,* 44 Ark. 458. That is to say,

according to the rule announced in those cases, the effect of the granting clause was to create an estate tail, which under our statute gave a life estate to Selestia Ann Jinett Dempsey and the remainder in fee simple to the person or persons to whom the estate tail would first pass according to the common law.

The persons to whom the estate tail would first pass, according to the course of the common law, under the granting clause of the deed are the heirs of the body of the life tenant. If there are none such, the estate will by operation of law revert to the grantor. *Corbin* v. *Healy,* 20 Pick. (Mass.) 514; *Fales* v. *Currier,* 55 N. H. 392.

It is contended by counsel for defendants that the use of the words, "to hers and their own proper use, benefit and behoof forever in fee simple," enlarged the estate to a fee simple in Selestia Ann Jinett Dempsey.

Mr. Washburn says "that the test to be applied to an habendum in a deed is, whether it can be construed so as to stand with the premises, or is so repugnant in its operation as to be irreconcilable with the latter. In the one case it limits and explains the grant; in the other it is rejected as of no effect." 3 Washburn on Real Property (5 ed.), p. 469.

In the application of this rule in the case of *Corbin* v. *Healy, supra,* the court held that where an estate tail is given the fact that the habendum of the deed creating it is to the grantee and his heirs will not enlarge the estate to a fee simple; nor will the entail be destroyed by a warranty to the grantee "and his heirs as aforesaid." There the habendum clause was to have the same, and the court held it to mean the limited estate in the land before granted which was an estate tail, otherwise it would have been repugnant to the granting clause, instead of explanatory of it.

As we have already seen, by the common law, Selestia Ann Jinett Dempsey became seized of an estate tail under the granting clause of the deed in question, which by our statute was converted into an estate for life.

Now, at common law, the words "heirs" was necessary to convey a fee simple by deed, and in the case of *Hardage* v. *Stroope,* 58 Ark. at p. 313, the court said: "An express direction that the grantee should have the fee simple in the land would not have supplied the place of the word 'heirs.'" Hence, by the

rules of the common law, the habendum clause in the present deed does not enlarge the granting clause, but when used to explain it refers to the limited estate granted, and means that the heirs of the body of the life tenant take the remainder in fee simple. If the words used in the granting clause are to be given their common-law meaning, so, too, the words in the other parts of the deed should be construed by the rules of the common law.

As stated in *Corbin* v. *Healy, supra,* the covenants only extend to the estate granted; and where there is no peculiar language to warrant such a construction, they do not enlarge the estate granted. See also *Patterson* v. *Moore,* 15 Ark. 222.

In this way all parts of the deed harmonize with each other; otherwise the granting and habendum clauses will conflict, and the latter must give way to the former. There are many decisions on the construction of deeds, but each is made with reference to the peculiar words used in the deed and the statutes, changing the rules of the common law. We believe the construction we have given the deed under consideration gives effect to every part of it, and is in harmony with our other decisions which bear on the principles decided. This case is not governed by *Hardage* v. *Stroope,* 58 Ark. 303. In that case the deed did not, as does the one under consideration, create an estate at common law, and therefore did not come within section 735 of Kirby's Digest, which abolished fees tail and creates a life estate in the first taker with a remainder over in fee simple to the one to whom the estate tail would first pass according to the course of the common law under the deed. *Black* v. *Webb,* 72 Ark. 336.

It follows that the court erred in sustaining the demurrer. The decree will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.