## HEARIN *v.* UNION SAWMILL COMPANY.

Opinion delivered December 9, 1912.

1. EVIDENCE—VARYING WRITING BY PAROL.—Parol evidence is inadmissible to show that a deed conveying "all the pine and oak timber ten inches and up" was intended to include virgin pine, but not old field pine. (Page 458.)

2. REFORMATION OF INSTRUMENTS—MISTAKE.—Where parties to a deed signed it of their own volition, they will not be heard to say that they did not know what it contained or that they did not understand the plain and ordinary meaning of the words used. (Page 459.)

Appeal from Union Chancery Court; *J. M. Barker*, Chancellor; affirmed.

*J. B. Moore* and *Warren & Smith*, for appellants.

1. The contract is controlled by the customs of trade. Parties are presumed to contract with reference to the known customs and usages of trade with reference to the subject-matter of the contract. 9 Cyc. 252; 69 Ark. 317; 10 L. R. A. 735; 80 U. S. 653; Jones on Ev. 576. Proof of custom is admissible to show that "timber" means merchantable timber. 51 So. (Miss.) 3; 138 S. W. 36; 12 Cyc. 1081 (e) and (b); 60 S. E. (Ga.) 297; 49 So. 248. See also 4 Cent. Rep. 689, 6 Atl. 48; 164 Pa. 51; 77 Ark. 120.

2. If it was the specific understanding of all parties that the old-field pine was not purchased, or if Curphey wilfully misled appellants to so believe for the purpose of fraudulently obtaining title to it, appellee can not establish title under either state of facts. 107 Ill. 302; 69 Tex. 509; 51 Minn. 300; 1 De G. M. & G. 710; 21 L. J. Ch. (N. S.) 663; 77 Wis. 430; 37 L. R. A. 593.

3. If the deed did not express the intention of the parties, it will be reformed. 5 L. R. A. 157 *et seq.*, foot notes.

*Gaughan & Sifford* and *Powell & Taylor*, for appellee.

1. Having admitted that they read the deed before executing and delivering it, Mr. and Mrs. Hearin are estopped to claim fraud. 71 Ark. 185; *Stewart* v. *Fleming, ante* p. 37.

2. The rule is thoroughly established in this State that the burden is on the person claiming mutual mistake to establish it by proof that is clear, decisive, unequivocal and beyond

all reasonable controversy. 14 Ark. 482; 66 Ark. 155; 71 Ark. 614; 72 Ark. 546; 75 Ark. 72; 79 Ark. 256; 81 Ark. 420; *Id.* 166; 82 Ark. 226; 83 Ark. 131; 85 Ark. 62; 84 Ark. 349; 89 Ark. 390; 90 Ark. 24; 124 S. W. 370.

HART, J.    J. F. and J. C. Hearin were in 1905 the owners of a tract of land in Union County Arkansas, on which grew oak and pine timber. On the 27th day of March, 1905, they conveyed to the Summit Lumber Company, a corporation, "all the pine and oak timber ten inches and up" on said land. Eight years was given in the deed to remove the timber. Subsequently it was discovered by the parties that a mistake had been made in the description of the land, and a new deed was executed on the 19th day of June, 1906, and the timber was again described as "all the pine and oak timber ten inches and up."

The tract of land in question contained both virgin and old-field pine. Old-field pine is pine that grows on land that has been once farmed. In 1909 the Summit Lumber Company conveyed the timber so purchased by it to the Union Saw Mill Company, another corporation. All the deeds referred to were filed for record. The Summit Lumber Company began to cut and remove the old-field pine, as well as the virgin pine. The Hearins claimed that the old-field pine was not embraced in the timber deed given by them to the Summit Lumber Company, and in 1909 they conveyed "an undivided half interest in and to all the old-field pine timber ten inches and upwards at the stump" standing and growing on said land to T. W. Ramsey, J. W. Warren and C. W. Smith, upon consideration that their grantees should bear the expenses of litigation in a suit against the Summit Lumber Company to recover the old-field pine.

This suit was instituted in the chancery court by J. F. Hearin, J. C. Hearin, T. W. Ramsey, J. W. Warren and C. W. Smith against the Union Saw Mill Company and Summit Lumber Company. The plaintiffs alleged in their complaint that the old-field pine was not embraced in the grant of timber to the Summit Lumber Company, and also alleged that the language used in the deed was inserted by fraud or mistake, and that it was not intended by the parties that the old-field pine should be conveyed. The prayer of the complaint is that the

timber deeds be cancelled as a cloud upon plaintiff's title, and that they be reformed to conform to the intention of the parties and for damages.

The defendants deny the allegations of fraud and mistake, and aver that the old-field pine was conveyed under the timber deeds. Evidence was introduced by both parties to sustain their respective contentions. The chancellor found in favor of the defendants, and plaintiffs have appealed.

C. W. Curphey was the agent of the Summit Lumber Company in purchasing the lands from J. F. and J. C. Hearin. It appears that Mrs. J. C. Hearin owned a part of the land and her husband, J. F. Hearin, owned a part. Both testified it was understood between them and Curphey at the time the purchase of the timber was made and the deed to the same was executed that the old-field pine was not to be included. They said that at that time old-field pine had no market value, and that Curphey refused to purchase it; that there was no market value for old-field pine in that part of the country until in 1906 and 1907. Other evidence introduced by them tended to show that the mill operators did not begin to purchase old-field pine and saw it into lumber until the latter part of 1905. They said that the old-field pine had more knots in it than the virgin pine, and for that reason could not be profitably sawed into lumber at the time the timber in question was conveyed to the Summit Lumber Company in the spring of 1905. Afterwards they said that the price of lumber began to rise, and it was not until then that the saw mill operators began to purchase old-field pine. The Hearins also testified that one of the agents of the Summit Lumber Company began to estimate the old-field pine in question in 1907, and that they told him that the old-field pine was not embraced in the deed made by them to the Summit Lumber Company. The agent who made the estimate denied that they made any objection at the time, and denied that they contended that the old-field pine was not included in the deed during the time he was making the estimate.

The evidence on the part of the defendants tended to show that at the time the Summit Lumber Company purchased the timber from the Hearins it and other saw mill operators were purchasing old-field pine and sawing it into lumber.

Some of the witnesses said they began to .purchase old-field pine and saw it into lumber as early as 1903, and some place the date in 1904.

It is first contended by counsel for the plaintiffs that old-field pine is not included in the description, "all the pine and oak timber ten inches and up." We think they are not correct in this contention. These general words aptly include every kind of pine on the lands. The language used is broad enough to cover the old-field pine. It does not make any difference whether or not it was profitable at that time to saw old-field pine, for, as we have already seen, the language of the deed is not merchantable timber, but is "all the pine and oak timber ten inches and up." Since the language of a deed is broad and comprehensive enough to cover all the pine timber that may be found on the land of a certain description, it is not material to the effect of the deed that the parties in fact contemplated at the time that a particular kind of pine timber found on the land should not be included under the terms of the deed. This is so because the natural and ordinary meaning of the language used in the deed is broad and comprehensive enough to include the old field, as well as the virgin, pine. To allow the plaintiffs to show by parol proof that it was not so intended would be to contradict or vary the written instrument, which is contrary to the settled rule in this State. *Cherokee Const. Co.* v. *Prairie Creek Coal Mining Co.,* 102 Ark. 428; *Boston Store* v. *Schleuter,* 88 Ark. 213; *Cox* v. *Smith,* 99 Ark. 218; *Delaney* v. *Jackson,* 95 Ark. 131; *Bradley Gin Co.* v. *J. L. Means Machinery Co.,* 94 Ark. 130.

It is next contended by counsel for the plaintiffs that the language "all the pine and oak timber ten inches and up" was placed in the deed through fraud or mistake on the part of C. W. Curphey, the agent of the defendant Summit Lumber Company, in purchasing the land. Curphey was not introduced as a witness, and it appears that he resided in another State at the time the depositions were taken. It also appears that Mrs. Hearin knew where he resided, and that the defendants did not. She refused on cross examination to disclose his address, but subsequently through her attorneys gave it to the defendants. Mrs. Hearin testified that she and her husband acted together in selling the timber, and that both were

present when the sale was made. She admits that she read over the deed they executed to the Summit Lumber Company, and also read it to her husbnd. Again, a year later, it was ascertained that a mistake had been made in the deed in the description of the land, and a new deed was executed to correct this mistake. This deed also described the timber as "all the pine and oak timber ten inches and up."

The deed was the final embodiment in writing of the agreement between the parties. The plaintiffs signed it of their own volition after having read it; and they will not now be heard to say they did not know what it contained, or that they did not understand the plain and ordinary meaning of the words used. *Stewart* v. *Fleming, ante* p. 37; and cases cited. In discussing a similar principle, in that case, the court said:

"There was no misrepresentation as to any matter of inducement to the making of the lease, which, from the relative position of the parties and their means of information, the one could be presumed to contract upon the faith and trust which he reposed in the representation of the agent of the other on account of his superior information and knowledge with respect to the subject of the contract, nor were there any fraudulent representations holding out inducements calculated to mislead the lessee and induce him to execute the lease on the faith and confidence of such representations, and, having signed it after opportunity to examine it, he will not be heard to say when he signed it that he did not know what it contained." (Citing authorities).

Testimony was introduced by the plaintiffs tending to show that the Union Saw Mill Company, one of the defendants in this case, made a contention similar to the one they are making now in a contest with another corporation as to similar language used in a deed. It is only necessary to say in regard to this that such action could in no event affect the rights of the Summit Lumber Company, which was not a party to that contention. Whatever rights the plaintiffs had resulted from a construction of their deed to the Summit Lumber Company. The Union Saw Mill Company was only made a party defendant because it had purchased the timber from the Summit Lumber Company. Hence the testimony referred

to could have no probative force whatever as affecting the right of the Summit Lumber Company.

The decree will be affirmed.