FULLERTON *v.* STORTHZ.

Opinion delivered November 24, 1930.

*Jones, Hocker, Sullivan & Angert,* for appellant.

*Ingram & Moher, Robinson, House & Moses* and *Harry E. Meek,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in permitting the introduction of parol testimony to contradict, vary or add to the terms of the written contract. Appellee insists, however, that he did not intend for his assignment or indorsement of the note to have any effect other than to evidence the fact of its payment, and asked a reformation thereof to express the true intention of the parties existing at the time it was made.

The written contract between the Bradley Company and Storthz expressly provides, after the agreement for extending the time for the payment of the note, "and the party of the second part (Bradley Investment Company) hereby guarantees the payment of said note and

interest to be paid in the following manner," setting out the amount and times for payment, and upon the payment of the note by the Bradley Investment Company, and recites: "The note for $35,203.12, referred to, shall be assigned by L. Storthz to the Bradley Investment Company when said payments on same are completed." This provision is a guaranty of the payment of the note as provided in the terms of the writing by the Bradley Company, (*Gay Oil Co.* v. *Roach*, 93 Ark. 454, 125 S. W. 122, 27 L. R. A. (N. S.) 914, 137 Am. St. 95), whereby it was entitled to an assignment of the note. The parties making the guaranty contract knew when it was made that it would have to be performed by the Bradley Company, making the partial payments as provided, paying the note, and expressly contracted that, when it was paid in the manner provided, same "shall be assigned by L. Storthz to the Bradley Investment Company when said payments on same are completed."

The appellant, assignee of the note and contract, understood from its terms that, upon completion of the payment of the amount of the note, it would be assigned by Storthz to him, and his letter remitting the amount due under the guaranty contract to complete the payment of the note directed "that you deliver it to Mr. L. Storthz, and, in turning it over, see that we receive the note in the amount of $35,203.12, and also that Storthz indorses or assigns the note in the proper legal manner necessary in order to protect the Bradley Investment Company." This letter was read to Mr. Storthz upon delivery of the check for the last amount due under the contract of guaranty completing the payment of the note, which was demanded of him with such indorsement. He instructed the attorney to make the indorsement, "Pay to the Bradley Investment Company or order," which was done and signed by Mr. Storthz. Regardless of what Storthz's intention may have been in making such contract or guaranty to assign the note and of his indorsement thereon upon the completion of the payment of it in accordance with the contract of guaranty, he was bound by such con-

tract and indorsement, and there being no ambiguity in the contract and no doubt about the effect of it, the parol evidence was inadmissible to contradict, vary or add to its terms by restricting the meaning of his act and indorsement to an acknowledgment on receipt for payment of the note. *Bradley Gin Co.* v. *Machinery Co.*, 94 Ark. 130, 126 S. W. 81.

In addition, the guaranty contract was prepared by Mr. Storthz's attorney, and if there were ambiguity about this written contract or necessity for construction thereof, all doubt must be resolved and the contract construed more strongly against the party who prepared it. *Wisconsin Lumber Co.* v. *Fitzhugh*, 151 Ark. 101, 235 S. W. 1001.

It is not questioned that under the terms of the written guaranty the note was to be assigned to the Bradley Company when the payments were completed in accordance with the contract of guaranty, nor is it questioned that the check completing the payment was delivered to Mr. Storthz, the holder of the note, after the letter of directions to the attorney, to whom it was sent for delivery, had been read to him expressly stating therein that it should be delivered only upon proper indorsement or assignment of the note by Storthz in the proper legal manner necessary to protect the Bradley Investment Company. The indorsement was made upon the request of Mr. Storthz, signed by him, and it is not complained that he was misled or imposed upon in this transaction, and he will not be heard to say that he is not bound thereby because he did not intend its legal effect. *McDonald* v. *Thompson*, 167 Ark. 338, 268 S. W. 602.

The facts about this transaction are undisputed, and the testimony attempting to show that Mr. Storthz was entitled to a reformation of the written contract and the indorsement made under the terms of the written contract, requiring it to be done, is not established by clear, unequivocal and convincing testimony as must be done to entitle the reformation of a written instrument on the

ground of mistake. *Wales Plantation* v. *Banks,* 101 Ark. 461, 142 S. W. 828; *Fagan* v. *Graves,* 173 Ark. 482, 293 S. W. 712; *Simpson* v. *Craig,* 174 Ark. 1180, 298 S. W. 360.

Moreover, a misunderstanding of the legal effect of the terms of a contract prepared by his own attorney could only be regarded as a mistake of law for which written instruments are not reformed. *Utermehle* v. *Norment,* 197 U. S. 56, 25 S. Ct. 291; *Rector* v. *Collins,* 46 Ark. 167; *Varner* v. *Turner,* 83 Ark. 131, 102 S. W. 1111.

Nor is a contract reformed for mistake, unless it be clearly shown that the mistake was common to both parties, and that the contract as executed does not express the contract as understood by either of them. *Varner* v. *Turner, supra.*

The indorsement on the note was made in accordance with the contract for the assignment thereof upon the completion of the payments for the consideration in the guaranty contract, and the maker of the indorsement, long after the execution of such contract, after reading of the instructions therefor that he was expected to assign the note in the proper legal manner necessary in order to protect the Bradley Investment Company, should have refused to make the indorsement, if he did not so understand the contract, and, not having done so, when informed of the purpose for which it was made, he waived any mistake and is estopped from setting it up. *Snell* v. *Insurance Co.,* 98 U. S. 85; 34 Cyc. 942; 23 R. C. L. 347. See also *Hearin* v. *Union Saw Mill Co.,* 105 Ark. 455, 151 S. W. 1007.

The assignment of the note carried the vendor's lien with it, entitling the assignee to the enforcement of such lien. Section 476, C. & M. Digest; *Hankins* v. *Bank,* 161 Ark. 221, 255 S. W. 916; *Robertson* v. *American Investment Co.,* 170 Ark. 413, 279 S. W. 1008; *Porter Lumber Co.* v. *Bonner,* 172 Ark. 828, 290 S. W. 606.

The grantee in the timber deed was entitled to cut the timber upon 2,000 acres of the land sold upon the acceptance by Storthz of the guaranty contract and the

extension of the time for the payment of the note until default in the payment of the next note to become due under the sales contract. This right not having been exercised, this timber remained subject to the enforcement of the vendor's lien for the balance of the purchase money due, including necessarily the sum represented by the note transferred to appellant, and the court should have enforced the lien equally for the whole amount against all the timber lands, the appellant being entitled to payment of his note along with the balance of the purchase money due upon the timber ratably with Storthz, the vendor and holder of such remaining indebtedness.

The court erred in not so holding, and the decree must be reversed and the cause remanded with directions to enter a decree in accordance with this opinion and for any further necessary proceedings to enforce the payment of the vendor's lien for the benefit of appellant and in satisfaction of his right to payment of the amount due him under the note as assigned ratably with Storthz, the vendor, in proportion to the respective interests of the parties. It is so ordered.

SMITH and McHANEY, JJ., dissent.