PURCELL *v.* VINCENT.

4-8160

200 S. W. 2d 970

Opinion delivered April 14, 1947.

*Verlin E. Upton,* for appellant.

*Arthur Sneed,* for appellee.

ROBINS, J. On September 22, 1941, Willis H. Whitaker borrowed from Miss Lottie Earl $500, and executed to her his promissory note therefor, due one year after date, bearing interest at the rate of ten per cent. per

annum. In order to secure this indebtedness Whitaker on the same day signed and acknowledged a real estate mortgage conveying to Miss Earl certain real estate in Rector, Arkansas. This mortgage was filed for record on September 26, 1941, and was duly recorded. On the day the note was executed Miss Earl endorsed and transferred it to appellee, Miss Emeline Vincent. Miss Earl died on August 9, 1942.

On February 23, 1942, Whitaker sold and by warranty deed conveyed to appellants, J. L. Purcell and Maud O. Purcell, his wife, the real estate which he had previously mortgaged to Miss Earl.

Nothing having been paid on the said note, appellee instituted suit on September 5, 1945, in the lower court against Whitaker and appellants, asking for judgment for the amount of said note and interest and for foreclosure of the mortgage given to secure same.

Appellants answered, alleging that they were the owners, by virtue of their deed from Whitaker, of the land described in the mortgage; that they had tendered the amount of said note to Lottie Earl in her lifetime and to her executors after her death, which tenders were refused; that there had been no valid assignment of the mortgage; that appellee was not a *bona fide* holder of the note nor authorized to release the mortgage; that they had tendered appellee payment; and they tendered into court the sum of $550 in settlement of the entire indebtedness. They prayed for cancellation of the lien of the mortgage.

The lower court found that the note and the mortgage sued on had been duly transferred by endorsement and delivery to appellee, who was the owner and holder thereof; that the conveyance from Whitaker to appellants was subject to the mortgage given by Whitaker to Miss Earl; that no payment had been made on said note and that $802.81 was due thereon. The decree was that the sum paid into court by appellants be applied on the indebtedness, leaving $252.81 due thereon, for which sum foreclosure of the mortgaged premises was ordered.

For reversal of this decree it is argued by appellants: (1) That "cancellation of the mortgage was a condition precedent to ordering and directing payment of the money." (2) That appellee, by assignment of the note, did not become assignee of the mortgage. (3) That appellee is estopped from foreclosing the mortgage because of "misrepresentations, statements and declarations, and because she has accepted . . . the money."

## I.

It was not necessary for the court to require a cancellation of the mortgage before payment of the debt secured thereby was ordered; indeed, it would not have been proper for the court to have so decreed. The mortgage and lien thereof were merged into the foreclosure decree and satisfaction of this decree would automatically work a release and satisfaction of the mortgage. Appellee was the holder and assignee for value of the note, and payment to her at any time after maturity would have extinguished the debt. Section 10209, Pope's Digest.

But, if, prior to the filing of the instant suit, appellants were in doubt as to the person to whom payment of the debt should have been made they had an adequate remedy. At any time after maturity of the note they might have brought bill of interpleader, tendering into court the amount due on the note, making defendants therein appellee and Miss Earl, or, after her death, her executors, and asking that the court award the money tendered to the party entitled to receive it and that the mortgage be canceled in appropriate manner. They did not see fit to exercise this remedy, and, when the instant suit was filed, they did not tender the full amount due.

## II.

There is no foundation for the contention that by transfer of the note to her appellee did not obtain assignment of the mortgage. We have often held that an assignment of a promissory note carries with it a transfer to the assignee of all security to the note held by the assignor. *Fullerton* v. *Storthz*, 182 Ark. 751, 33 S. W. 2d 714; *Rock-*

*ford Trust Company* v. *Purtell,* 183 Ark. 918, 39 S. W. 2d 733; *Lehman* v. *First National Bank in St. Louis,* 189 Ark. 604, 74 S. W. 2d 773.

## III.

No representations, statements or declarations by appellee tending to mislead appellants were shown by the testimony. It appears from the record that after the rendition of the decree the attorney for appellee collected from the clerk the sum of $550 which had been paid into the registry of the court. This was done in accordance with the provisions of the decree, and receipt of this sum by appellee did not in any way bar collection of the remainder due to appellee under the decree.

No error appearing, the decree of the lower court is affirmed.