WILKINS *v.* WILKINS.

4-8306                                    206 S. W. 2d 126

Opinion delivered November 3, 1947.

Rehearing denied December 8, 1947.

*Fletcher Long* and *W. J. Sherman,* for appellant.

*Norton & Norton,* for appellee.

ROBINS, J. This suit was instituted in the lower court by appellants, Maurice O. Wilkins, Jr., Katherine Wilkins Pennington, and Marice Wilkins Paladino, against their father, appellee, Maurice O. Wilkins, Sr., and their sister, Virginia Sue Wilkins. They alleged in their complaint that they and their father and sister were tenants in common of certain lands by virtue of a deed executed by their paternal grandfather on February 16, 1923; and they prayed for a partition of these lands.

Appellee, Maurice O. Wilkins, Sr., answered, denying that appellants had any interest in the lands described in the complaint, and alleging by way of cross-complaint that it was intended that the deed should convey to him a fee simple title to the land, and that, if the deed failed to convey such title, it should be reformed.

It was stipulated that W. A. Wilkins (the grandfather) and his wife are both deceased, that appellants were the only children of appellee, Maurice O. Wilkins, Sr., at the time the deed was executed by Mr. Wilkins, and that none of the parties was in physical possession of the lands involved.

Both the scrivener who drew the deed and appellee, Maurice O. Wilkins, Sr., gave testimony tending to show that the intention of the grantors was that a fee simple title to the land should be conveyed to said appellee upon the death of grantors. It was also shown that shortly after the execution of the deed on February 16, 1923, W. A. Wilkins executed another deed identical in form with the first, except for an attempt to add a reservation of possession of the land for the benefit of Willie A. Wilkins, wife of W. A. Wilkins, for her life.

The deed involved herein is as follows:

"Know All Men By These Presents:

"That we, W. A. Wilkins and Willie A. Wilkins, his wife, for and in consideration of the sum of One Dollar ($1.00) this day in hand paid by Maurice Owen Wilkins, the receipt of which is hereby acknowledged, and for the further consideration of the love and affection which the said W. A. Wilkins has for his son Maurice Owen Wilkins, hath granted, bargained, sold and conveyed, and by these presents doth hereby grant, bargain, sell and convey unto the said Maurice Owen Wilkins and to his children, the following described land lying in the County of St. Francis, State of Arkansas, to-wit:

"The northwest fractional quarter, (N.W.Frl. ¼) of section one (1), in township four (4) north, range three (3) east, and containing one hundred forty-two and 17/100 (142.17) acres of land, more or less.

"To have and to hold the within granted land and premises unto the said Maurice Owen Wilkins, and unto his children and assigns forever together with all the appurtenances thereunto belonging.

"And I, the said W. A. Wilkins do hereby covenant to and with the said Maurice Owen Wilkins, my son, and with his children, that I am lawfully seized in fee of the aforesaid premises, that I have a good right to sell and convey the same, and that I will forever warrant and defend the title to said land unto my said son, the said Maurice Owen Wilkins, and unto his children, heirs and assigns against all lawful claims whatsover.

"And it is hereby expressly understood, that the said W. A. Wilkins, shall have and retain the use and enjoyment of said land during the remainder of his natural life, and that this grant, bargain, and sale shall not be operative and shall not take effect until his death, at which time the said Maurice Owen Wilkins shall take possession of said land, but not until then.

"It is also distinctly understood that this deed does not convey any mineral rights whatever, in said land, but that all mineral rights of whatever kind or nature are retained and held by the said W. A. Wilkins to the same extent as though this deed had not been given.

"And I, Willie A. Wilkins, wife of the said W. A. Wilkins, for and in consideration of said sum of money, do hereby release and relinquish unto the said Maurice Owen Wilkins, and to his children all my right of dower and homestead in and to the said land.

"Witness our hands and seals on this 16th day of Feb. 1923."

The lower court found that the deed conveyed no interest to appellants and dismissed their complaint. Prayer of appellee, Maurice O. Wilkins, Sr., for reformation was denied. Apellants prayed an appeal and said appellee prayed a cross-appeal from that part of the decree denying reformation of the deed. However, no relief on his cross-complaint is asked here by said appellee.

Since we are not asked to reverse that part of the lower court's decree denying reformation of the deed, it is not necessary for us to discuss in detail the testimony offered by appellee to obtain reformation. It may be said, however, that the testimony did not tend to show any such mistake in the drafting of the deed as would authorize the reformation, even if the deed reflected a sale for a valuable consideration. At most this testimony merely showed that the parties made a mistake of law— that they did not understand the legal import of the language that they employed. Such a showing, under the rule long adhered to by us, is not sufficient to entitle a party to reformation. *Fullerton* v. *Storthz,* 182 Ark. 751, 33 S. W. 2d 714.

The sole question in this case is: What estate passed under the deed set forth above?

Appellants argue that this case is controlled by our decision in the case of *Kelly* v. *Kelly,* 176 Ark. 548, 3 S. W. 2d 305, wherein we construed a will containing the following: ''All the property . . . I give and bequeath to my son Tom and his children.'' We held in that case that ''Tom'' and his children were made tenants in common by this grant in the will, saying: ''Primarily the term 'children' is a word of purchase and not one of limitation, and for that reason cannot be construed as equivalent of the words 'heir' or 'heirs of the body', *unless there is something in the context showing that the testator intended to use the term in the sense of heirs.''* (Emphasis supplied).

We think there was sufficient in the context of the deed under consideration here to show that W. A. Wilkins used the words ''his children'' as words of limitation and did not use them as words of purchase so as to constitute these children, all of whom were very young at the time, as tenants in common with their father.

The consideration of the deed was recited as being $1.00 paid by Maurice Owen Wilkins and ''the love and affection which the said W. A. Wilkins has for his son, Maurice Owen Wilkins.'' In the warranting clause it is

recited that the grantor "will forever warrant and defend the title to said land unto my said son, the said Maurice Owen Wilkins, and unto his *children, heirs* and assigns . . ." (Emphasis ours). In the paragraph of the deed by which the grantor retained the right of possession during his lifetime, it is provided that at the death of W. A. Wilkins "the said *Maurice Owen Wilkins shall take possession* of said lands . . ." (Emphasis ours).

In the case of *Watson* v. *Wolff-Goldman Realty Company,* 95 Ark. 18, 128 S. W. 581, Ann. Cas. 1912A, 540, the deed under consideration was somewhat similar to the one here involved, reciting that "I, Atlas J. Dodd, for and in consideration of the natural love and affection that I have for my daughter, Martha F., and for the further sum of one dollar to be paid by the said Martha Florence, my daughter, do hereby grant, bargain and sell unto the said Martha Florence and unto her bodily heirs and assigns forever the following lands: . . . To have and to hold the same unto the said Martha Florence and unto her bodily heirs and assigns forever, . . ." In that case it was held that the deed created a life estate in the daughter, Martha F., and remainder in fee simple to her surviving children and *per stirpes* to the issue of such as died during the life of Martha F., the daughter.

In *Dempsey* v. *Davis,* 98 Ark. 570, 136 S. W. 975, the conveyance was to a married daughter of grantors "and her children, the natural, offspring of her body, . . . ." This was held to create (under § 735, Kirby's Digest, § 1799, Pope's Digest) a life estate in the grantee with remainder in fee to the heirs of her body.

In *Maynard* v. *Henderson,* 117 Ark. 24, 173 S. W. 831, Ann. Cas. 1917A, 1157, a grantor had conveyed to M. "and to her natural heirs." This deed was held to create a life estate in M. with fee in her son, her only bodily heir.

We conclude that when the language of this deed is considered in the light of the situation of the parties it must be held that it was not intended that this deed should vest title in appellee and his small children as

tenants in common, but that the word children was used to limit the grant to appellee and his bodily heirs, and that therefore the deed was effective to vest in appellee an estate for life with remainder in fee simple in all of his children. We think this view is in accord with the modern trend of decisions. "The tendency of the courts is to construe a devise or a grant to a person and her children as constituting a life estate with a remainder to the children, . . ." Annotation, 12 L. R. A. (N.S.), p. 294.

It follows that the appellants were not entitled to enforce partition of the lands during the lifetime of appellee, and their suit for that purpose was properly dismissed. However, the finding that appellants had no interest in the land was erroneous. Accordingly, the decree of the lower court is reversed and the cause remanded with directions to set aside this erroneous finding and to dismiss appellants' complaint for want of equity.

ROBINS, J., on rehearing. Appellants in their petition for rehearing argue that under the provisions of Act 92 of the General Assembly of 1941 and Acts 161 and 340 of the Acts of 1947 appellant may have partition, in spite of the fact that appellee has a life estate in the land. None of these Acts was relied on by any of the parties in the instant case. But, since in the situation created by our holding, appellants might desire to invoke any valid provisions of these Acts, we amend our former opinion by eliminating therefrom the direction to dismiss appellants' prayer for partition.

Appellees' petition for rehearing is denied.

On rehearing.

PER CURIAM—On Motion to Re-Tax Costs.

Motion of appellants to re-tax costs is granted to the extent that appellants shall recover against appellee, Maurice O. Wilkins, Sr., costs of this court.