ROBERTSON *v.* ROBERTSON.

5-2032                                   331 S. W. 2d 102

Opinion delivered January 25, 1960.

*Kenneth Coffelt,* for appellant.

*Ben M. McCray* and *John L. Hughes,* for appellee.

ED. F. McFADDIN, Associate Justice. Appellant was the plaintiff in the Trial Court and we will so refer to him in this opinion. He sued the administrator of his father's estate seeking to foreclose a mortgage for an alleged balance due on a note. When the plaintiff rested, the Trial Court dismissed the case on motion of the defendant; and from such dismissal there is this appeal. The case of *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, is applicable here; so we give the plaintiff's evidence its strongest probative force.

Plaintiff filed suit in 1959 seeking to foreclose a real estate mortgage. He testified that on December 7, 1936 his parents, Mr. and Mrs. J. B. Roberton, executed to him their negotiable promissory note for $1,435.00 due on or before five years after date and bearing interest at the rate of 8% per annum; and that said note was secured by a mortgage executed by Mr. and Mrs. Robertson on certain real estate in Saline County. The mortgage was duly recorded on the same date it was executed. Plaintiff also testified that *he* borrowed $200.00 from

Mrs. Earl Diemer and transferred the note and mortgage to her as security; that Mrs. Diemer later transferred the note and mortgage to plaintiff's brother, Hugh Robertson; that plaintiff had offered to repay Hugh Robertson the $200.00 and interest that plaintiff owed Mrs. Diemer, but that Hugh Robertson was somewhere in South America and had never received the money and never transferred or delivered the note and mortgage to the plaintiff. Plaintiff also testified that for many years he had been collecting rent from the tenant on the mortgaged land. The plaintiff offered to pay into the Court the amount of principal and interest that he said he might owe Hugh Robertson on plaintiff's indebtedness to Mrs. Diemer. Neither the original note nor the mortgage, from J. B. Robertson and wife to plaintiff, was ever introduced in evidence; but the certified copy of the record, where the mortgage was recorded, was duly introduced; and on the margin of the record of the mortgage there appeared these—and only these—endorsements:

"12/7/36 Assigned to Mrs. Earl Diemer without recourse for valuable consideration. C. B. Robertson."

"The within mortgage and notes contained herein is this 10th day of November, 1937 assigned to Hugh Robertson without recourse, and all my right, title, and interest that I have in the within mortgage. Mrs. Earl Diemer."

Did all of the plaintiff's evidence, given its strongest probative force, make a case that would support a foreclosure decree in his favor? The Trial Court answered this question in the negative, and we agree with the Trial Court. Plaintiff, on December 7, 1936, received a note and mortgage from his parents, but the same day he assigned the note and mortgage to Mrs. Earl Diemer "without recourse for valuable consideration". The transfer of the note carried with it the security—i. e., the mortgage lien. *Lehman* v. *First National Bank,* 189 Ark. 604, 74 S. W. 2d 773; *Purcell* v. *Vincent,* 211 Ark. 486, 200 S. W. 2d 970. Thus plaintiff divested himself of ownership of the note and mortgage; and until he

reacquired ownership he had no title on which to base a suit for foreclosure of the mortgage under the facts shown in this case.

In the early case of *Purdy* v. *Brown,* 4 Ark. 535, this Court said: ". . . when an assignor assigns a note, all the legal interest vests in the assignee, and he alone is entitled to sue, unless the assignor is again invested with the legal interest by a new assignment or otherwise". In 8 Am. Jur. p. 541, the holdings are summarized in this language:

"A person not in actual possession of a bill or note cannot maintain an action thereon as 'holder' under § 51 of the Uniform Act, in view of § 191 of that act, which defines the holder as the payee or indorsee of a bill or note who is in possession of it, or the bearer, and defines the bearer as the person in possession of a bill or note which is payable to bearer. The acquisition of possession of the instrument by one after he had commenced an action upon it does not give him the right to maintain the action as holder. This, of course, is aside from the question of the right to bring an action upon a bill or note which has been lost."

There are instances where proof may be made that the assignment was made to an agent for collection, *etc.,*[1] and in such instances the assignor may still have right of action; but no such showing was made in this case. There was a complete assignment without recourse and the plaintiff herein has never redeemed the note in any way. Plaintiff's offer, to pay into Court whatever he said he might owe Hugh Robertson, was without effect, because neither Mrs. Earl Diemer nor Hugh Robertson was a party to this case. Plaintiff, by showing the assignment of the note and mortgage, clearly established that he had no standing to foreclose because he had never reacquired the note and mortgage.

Affirmed.

---

[1] In *McNeil* v. *Rowland,* 198 Ark. 1094, 132 S. W. 2d 370, we had a situation wherein the assignor made proof of a *conditional* assignment. But the situation in that case is entirely different from the situation in the case at bar.