MID-AMERICA DEVELOPMENT CORPORATION *v.* ARKANSAS SAVINGS & LOAN ASSOCIATION

74-324                                    520 S.W. 2d 238

Opinion delivered March 24, 1975

*Smith, Williams, Friday, Eldredge & Clark,* by: *Larry W. Burks,* for appellant.

*Stubblefield & Matthews,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant, being indebted to the appellee upon a $1,200,000 note, payable in monthly installments, was charged a $4,402.20 penalty for the privilege of prepaying the principal balance after only six installments had come due. The appellant paid the penalty under protest and brought this action for its recovery. The circuit judge, hearing the case upon stipulated facts, found the terms of the note to be unambiguous and the penalty to be proper. For reversal the appellant contends in substance that the note is ambiguous, so that parol evidence (the tenor of which is not disclosed) should have been permitted to explain the intention of the parties.

The trial judge was right. Two provisions of the note, which was prepared upon the appellee's printed form, are pertinent. First, the only language specifying the time of payment recites that the maker promises to pay $1,200,000, with interest at 9% per annum, as follows: "Ten Thousand Nine Hundred Twenty and no/100 Dollars on the 1st day of April, 1972; and Ten Thousand Nine Hundred Twenty and no/100 Dollars, on the first day of each succeeding month, until said indebtedness is fully paid," with a reduction as necessary in the final payment. Each installment is to be credited first to the payment of interest upon the unpaid balance and then to the payment of principal. The second pertinent provision, which was deleted by agreement before the note was executed, originally read as follows:

> In the event of prepayment by Makers of all or any part of the loan indebtedness evidenced by this note, the association may require, as a penalty, payment to it by Makers of an amount equal to not more than six months' advance interest on that part of the aggregate amount of all prepayments made on the loan indebtedness in any year which exceeds twenty percent (20%) of the original principal amount of the loan indebtedness.

There is no ambiguity in the maturity dates of the monthly installments. When the privilege of prepayment is contemplated, the usual procedure is to make the installments payable "on or before" specified dates. No such

language appears in this note. The second pertinent provision, just quoted, would have allowed prepayment, but that paragraph was stricken by agreement. After that deletion the note contained nothing even suggesting a prepayment privilege. Hence parol evidence could not possibly have explained an ambiguity, for none existed. An omission in a contract cannot be supplied by parol proof. *Arkansas Trust Co.* v. *Bates,* 187 Ark. 331, 59 S.W. 2d 1025 (1933); *Bradley Gin Co.* v. *J.L. Means Mach. Co.,* 94 Ark. 130, 126 S.W. 81 (1910).

The appellant does not question the theoretical validity of the prepayment charge. It is quite evident that the appellee, after having incurred the expenses incident to making a $1,200,000 loan that was to have been repaid over a period of many years, might reasonably have found it necessary to make a prepayment charge to avoid a loss on the transaction. We have held that if an installment contract would not be usurious if paid according to its terms, the debtor's voluntary election to prepay the debt in full does not make the transaction usurious, even though the creditor thereby receives a sum exceeding the principal and the maximum legal rate of interest. *Eldred* v. *Hart,* 87 Ark. 534, 113 S.W. 213 (1908). In the case at bar the $4,402.20 penalty amounted to less than fifteen days' interest at the agreed rate of 9% and, if added to the interest received by the appellee from the date of the loan, August 20, 1971, to the date of prepayment, would still not have provided the appellee with a 10% return upon its investment.

Affirmed.