J. W. and Nina Ruth DOBBINS *v.*
Nicholas HAYDEN

83-131                                   659 S.W.2d 946

Supreme Court of Arkansas
Opinion delivered November 7, 1983
[Rehearing denied December 5, 1983.]

*Jeff Dobbins,* for appellants.

*Highsmith, Gregg, Hart, Farris & Rutledge,* by: *Jo Hart* and *Linda Boone,* for appellee.

ROBERT H. DUDLEY, Justice. This appeal is from a quiet title action involving twenty acres of unimproved and unfenced land in Stone County. The chancellor found a mutual mistake was made when the land was conveyed and ordered reformation of the deed. We reverse.

In 1936 Hale Hayden, the appellee's father, sold 122 acres of land, including the disputed 20 acres, to the Landers

brothers. The Landers paid taxes on all of the land described in the deed from 1937 until 1976 when the last of the brothers died. The personal representative then sold the land at public auction with confirmation by the probate court. All but the twenty acres was sold to the appellants. When the appellants discovered that the twenty acre tract was not included in the sale, they contacted the personal representative who obtained probate court approval to convey the twenty acres to them in 1977. The appellants have paid taxes on the land, including the twenty acres, since the date of the original conveyance. In 1978 the appellants discovered that, in 1966, Hale Hayden had deeded the twenty acres of land to the appellee and that both the appellants and the appellee had been paying taxes on the land since 1967. Appellants filed a suit to quiet title to the twenty acres claiming Hayden's second deed was invalid. The appellee maintained that the twenty acres was included in the 1936 deed by a mutual mistake of the parties and sought reformation of that instrument.

The appellants contend there was not sufficient evidence to warrant a finding of mutual mistake in the 1936 deed. We agree.

In *Gastineau, et al* v. *Crow*, 222 Ark. 749, 262 S.W.2d 654 (1953), we stated:

> . . . The law is well established that in order to reform a deed or other written instrument "the evidence must be 'clear, convincing, unequivocal and decisive,' and must establish the right beyond a reasonable doubt. [Citation omitted.] This rule does not require that the fact be established entirely beyond dispute. The only requirement is that there be more than a mere preponderance, and the evidence must be of sufficient weight to establish the issue beyond reasonable controversy or doubt." [Citation omitted.]

We have also refused to reform a deed upon the ground of mistake unless it is clearly shown "that the mistake was common to both parties, and that the deed as executed does not express the contract as understood by either of them."

*Cherry* v. *Brizzolara,* 89 Ark. 309 (1909). "A unilateral mistake cannot be the ground for reformation." *Yeargen* v. *Bank of Montgomery County,* 268 Ark. 752, 595 S.W.2d 704 (Ark. App. 1980).

Here, Hale Hayden testified that he signed the 1936 deed without reading it. He testified that he only intended to sell and that the Landers only intended to buy, tillable bottom land. The twenty acre tract is on a hillside. He claimed that he never relinquished ownership of the twenty acres. Since the other parties to the deed are all deceased, we must look at their actions to determine their intentions at the time of the transaction. The testimony at the trial revealed that, beginning in 1936, the Landers paid taxes on all 122 acres with the twenty acres being assessed as a separate call; they mortgaged the property, including the twenty acres; they leased the property to the appellants; they placed the property on the Soil Conservation map; and they cut timber off of the twenty acres. In contrast, Hayden mortgaged property that borders the twenty acres on three sides; yet he did not mortgage the twenty acres. He did not pay taxes on the twenty acres from 1937 until 1966 when he deeded it to his son.

In *Cherry* v. *Brizzolara, supra,* as here, we found that the defendant had every opportunity to discover the extent of the land covered by the deed description. In that case we said:

> [I]f he did not do this and sold the property by metes and bounds, . . . he has no cause for complaint of which the courts can take notice . . . . [W]hen the means of information are open to both parties alike, so that by ordinary diligence and prudence each may be informed of the facts and rely upon his own judgment in regard to . . . the subject-matter of the contract, if either fails to avail himself of this opportunity, he will not be heard to say he has been deceived.

In *Varner* v. *Turner,* 83 Ark. 131 (1907) we found it significant that the parties to the deed died before a suit was brought and that the land was then owned by others, as here. We said:

After such a long lapse of time it should require a very strong showing to justify a court in reforming a written instrument of that kind in which other parties have now acquired rights. 'The law wisely holds that there shall come a time even when the wrongful possessor shall have peace; and that it is better that ancient wrongs should go unredressed than that ancient strife should be renewed.'

Due to the length of time involved, the death of the buyers of the property and the lack of clear and convincing proof, we do not find sufficient evidence of a mutual mistake to justify reformation.

Reversed.