## OVERSTREET ·V. GALLAHER.

1. SALE OF PERSONAL PROPERTY: *Fraudulent representations.*
   Where a vendor of a mule sues for the purchase price and fails to recover on account of his false and fraudulent representations of its soundness, and the offer of the vendee in due time to return it, the mule becomes the property of the vendor.

2. SAME: *Same; no offer to return.*
   A vendor of a mule can recover no part of the purchase price if he falsely and fraudulently represented it to be sound and it proved unsound and entirely worthless, though the vendee never offered to return it.

APPEAL from *Pulaski* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*Ratcliffe & Fletcher* for appellant.

Under the rule for the measure of damages, laid down in *25 Arkansas, 164*, if the mule was worth anything at all, the jury should have found for the plaintiff.

Review the testimony, and contend that the evidence fairly shows that the mule was worth *something*, and that the verdict should have been for plaintiff.

*Clark & Williams* for appellee.

Cite in support of the instructions of the court, and the justness of the verdict, *22 Arkansas, 454; 25 Ib., 164.* Where there is some evidence to support a verdict, this court will not reverse.

ENGLISH, C. J.    This suit was commenced before a justice of the peace of Pulaski County, by William Overstreet against B. Gallaher, on a note for $100 given for a mule.

The defense was that plaintiff induced defendant to purchase the mule and execute the note by false and fraudu-

lent representations that it was sound, and that it turned out to be unsound and worthless. On a trial before the justice the verdict of the jury was for defendant; plaintiff appealed to the Circuit Court, where there was a trial anew by a jury, verdict and judgment in favor of defendant, new trial refused plaintiff, bill of exceptions and appeal by him.

There is no question of law presented on this appeal. No exception was taken to any ruling of the court during the trial, and appellant made no objection to the instructions given by the court to the jury.

No doubt appellant represented the mule to be sound when he sold it to appellee; and he testified on the trial that it was sound, and two witnesses examined on his behalf, who had seen the mule before the sale, testified that it appeared to be sound. On the contrary, appellee, and several witnesses sworn on his behalf, testified that the mule, on an attempt to work it, proved to be unsound and worthless. This was a question of fact for the jury, and they seem to have believed appellee and his witnesses.

Counsel for appellant submit that, if the mule was unsound, it was proved that appellee kept it, and worked it, and that it must have been of some value, and that appellant should have had a verdict for such value.

1. SALE OF MULE: Fraudulent representations as to soundness.

Appellee testified that shortly after discovering the mule to be unsound, he offered to return it to appellant, who refused to receive it. That afterwards he occasionally attempted to work it, but could not get enough work out of it to pay for half of its food.

If the mule is in fact of any value, it belongs to appellant, appellee having, on discovering it to be unsound, elected to rescind the contract of sale by offering to return the mule, and successfully resisting the recovery of the consideration. *Plant v. Condit, 22 Ark., 458.*

14

2. SAME:   Even if there had been no offer to rescind, if the mule
No offer was in fact utterly worthless, appellant was not entitled to
to return.
a verdict for any part of the purchase price.   *Ib.*

