## GAY OIL COMPANY v. ROACH.

### Opinion delivered January 31, 1910.

SALES OF CHATTELS—BREACH ' OF WARRANTY.—REMEDY OF VENDEE.—Where a
vendor of oil warranted against leakage, the vendee is not authorized
to refuse to receive the oil because some of it has leaked out of the
barrels in which it was shipped.

Appeal from Polk Circuit Court; *James S. Steel,* Judge;
reversed.

*Moore, Smith & Moore* and *H. M. Trieber,* for appellant,

1. For distinction between a warranty and a condition, see
81 Ark. 549; 108 N. Y. 232; 1 Cush. (Mass) 271. In this case
the engagement as to quantity, as presented by the guaranty
against leakage, is an agreement collateral to the main pur-
poses of the contract, and can not be construed as a condition, the
breach of which permits the vendee to rescind.

2. Even if a breach of warranty of quantity gives the ven-
dee a right to refuse acceptance, the vendee could, at most, refuse
to accept only those articles which did not satisfy the warranty.
The contract was severable. 81 Ark. 549; 78 Ark. 177; 76
Ark. 74.

FRAUENTHAL, J. This was an action instituted by the Gay
Oil Company, the plaintiff below, against N. M. Roach to re-
cover the purchase price of 64 barrels of oil, which it alleged it
sold to the defendant. The defendant alleged that he pur-
chased the oil under a contract by which the plaintiff "guaran-
teed" the barrels in which the oil was to be shipped against leak-
age; that when the shipment arrived several of the barrels
leaked, and that he on that account refused to accept the oil,
and at once notified plaintiff of his rejection thereof.

The defendant was a merchant doing business at Mena,
Ark., and the plaintiff was located at Little Rock, Ark. The de-
fendant made a written order, directed to plaintiff, for 64 bar-
rels of oil, and in said order was the following: "Guaranty
against leakage." The order was accepted by the plaintiff, who
delivered the 64 barrels of oil to a common carrier at Little Rock,
consigned to defendant at Mena. When the oil arrived at
Mena, the defendant found that several of the barrels leaked.
He notified the plaintiff of this leakage, and refused to remove
the oil from the car. The defendant testified that several of the

barrels leaked, but did not state the number thereof, or the extent of the leakage. There was some testimony that the barrels appeared to be in good shape, and that the car did not leak very much, and that there was no drip therefrom.

The lower court peremptorily directed the jury to return a verdict in favor of the defendant, which was done. The plaintiff prosecutes this appeal from the judgment entered upon that verdict.

The defendant executed a written order or contract for the purchase of 64 barrels of oil from plaintiff in which it was stated that there was a "guaranty against leakage." The rights of the parties under this contract of sale are determined by the nature and effect of this clause of "guaranty against leakage." In strict legal contemplation, there is a difference between a "guaranty" and a "warranty." They are both collateral undertakings; but a guaranty is the assurance of the payment of a debt or the performance of a duty or contract by another person, while a warranty is an assurance of the title or quality of property. The two are often used interchangeably and with the same effect. The meaning of the word "guaranty" in this contract must be gathered from the context of the entire instrument and from the subject-matter about which it treats; for this will more surely give the expression that meaning which will carry out the true intent of the parties. Considered in this way, it appears that the parties used the term "guaranty" synonymously with warranty; and the clause in effect stated that the barrels in which the oil was shipped were warranted against leakage. 20 Cyc. 1403.

Ordinarily, a warranty is an agreement to be responsible for all damages that arise from the falsity of the statement or assurance of a fact. But the statement or assurance is sometimes the condition upon which an executory sale is made, although it may be called a warranty. The general rule is that, in the absence of fraud or an agreement to rescind, a contract of sale cannot be rescinded for a mere breach of warranty. But where the stipulation is a condition, the performance of which is precedent to the completion of the sale, the purchaser is entitled to reject the article if such condition is not performed. 2 Mechem on Sales, § 816; Tiedeman on Sales, § 197; 24 Am. & Eng. Enc. Law, 1109.

A warranty is an undertaking that is collateral to the express object of the contract, and is in effect an agreement to pay the damages sustained by reason of the article not being as stated or represented. A condition is one of the essential terms which identifies and describes the article, and for a non-conformity to such description the article may be rejected. Benjamin on Sales, § 1349.

If therefore the stipulation in the contract involved in this case relative to leakage was in effect a warranty, properly so called, then the defendant did not, upon the breach of such warranty, have the right to rescind the contract. His remedy, in such event, was to recoup or sue for the damages sustained by reason of such leakage. In that event the sale was absolute and not conditional, and the warranty was only an undertaking that was collateral to the sale. In the case of *Thornton* v. *Wynn,* 12 Wheat. 183, it is said that "if the sale be absolute, and there be no subsequent agreement or consent of the vendor to take back the article, the contract remains open, and the vendee is put to his action upon the warranty, unless it be proved that the vendor knew of the unsoundness of the article and the vendee tendered a return of it within a reasonable time."

Where there is a contract for the sale of an article which is not at the time in existence or ascertained, or where there is a sale by sample, the agreement that such article shall be of a certain description or quality is not merely a warranty, but it is a condition upon the performance of which depends the completion of the contract of sale, and the sale does not become absolute until the article has been inspected and found to conform to the description of kind or quality. The existence in such case of the quality or kind of the article becomes essential to the identity of the article sold, and the purchaser cannot be required to accept and pay for an article which he in fact did not buy. 2 Mechem on Sales, § 1209; Tiedeman on Sales, § 197; *Norrington* v. *Wright,* 115 U. S. 188; *Pope* v. *Allis,* 115 U. S. 363; *Plant* v. *Condit,* 22 Ark. 454; *Overstreet* v. *Gallaher,* 42 Ark. 208; *Weed* v. *Dyer,* 53 Ark. 155; *Bunch* v. *Weil,* 72 Ark. 343; *Ward Furniture M'f'g Co.* v. *Isbell,* 81 Ark. 549.

But the contract of sale in the case at bar was not of an article not in existence, or by sample; nor was there any warranty as to its kind or quality.

In the case at bar the defendant purchased from the plaintiff 64 barrels of oil, which were then in the hands of the vendor. The oil was contained in wooden barrels, and at the time of the contract a fear was entertained that the barrels might leak. To save the purchaser harmless if any leakage should occur, the vendor warranted the same against leakage, and by that agreement simply undertook to pay to the defendant all loss and damage which he might suffer by reason of any leakage. The article purchased under the contract was oil, and no question is made of its quality, but it is conceded that the plaintiff shipped the identical article that was ordered. It was delivered to a common carrier properly directed to the defendant and in the barrels named in the contract. The sale then became complete. There was no stipulation in the contract that the defendant could refuse to accept, or that he could return the oil if the barrels leaked; but, on the contrary, by the use of the stipulation of "guaranty against leakage," it must have been in the contemplation of the parties that the barrels might leak; and in that event by this warranty the plaintiff undertook to pay to defendant all loss that he would suffer thereby. The stipulation was therefore not a condition the performance of which was precedent to the obligation upon the defendant; and the defendant was not entitled to reject the oil because several of the barrels leaked. The stipulation was a warranty, properly so-called; and if the barrels leaked, the defendant had a right to recoup, in a suit for a recovery of the purchase money of the oil, all damages which he sustained by reason of such leakage.

The circuit court erred in giving the peremptory instruction to the jury.

The judgment is reversed, and the cause is remanded for a new trial.