## FRED J. KITOWSKI v. THOMPSON YARDS, INC.[1]

### December 9, 1921.

### No. 22,441.

**Sale — breach of warranty of quality — complaint construed.**

1. In an action for damages for the alleged breach of a warranty of the quality of certain building material sold by defendant to plaintiff, the complaint is *held* to state facts showing an implied warranty of quality as created by the Uniform Sales Act, chapter 465, Laws 1917.

**Implied warranty not affected by express warranty, when.**

2. An express warranty in such case, not inconsistent with that implied, does not affect or destroy the latter.

**Verdict sustained by evidence.**

3. The evidence sustains the verdict finding the alleged warranty and breach thereof, and the damages awarded are within the limits of compensation for the loss suffered.

**No error.**

4. The record presents no reversible error.

Action in the district court for Stearns county to recover $4,291.60 for breach of warranty in a sale of cement. The history of the case is given at the beginning of the opinion. The case was tried before Roeser, J., who at the close of the testimony denied defendant's motion that plaintiff be required to elect as to whether he relied on an implied warranty or an express warranty, and defendant's motion for a directed verdict for $603.84, and a jury which returned a verdict for $2,621.

[1]Reported in 185 N. W. 504.

From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.    Affirmed.

*V. C. Sherman, E. Fitchette,* and *O'Malley & O'Malley,* for appellant.

*Henry H. Sullivan,* for respondent.

BROWN, C. J.

In the purchase of material for the construction of a large factory building on his premises plaintiff applied to defendant for a supply of the necessary quantity of cement for use in the walls and floor of the structure. Negotiations resulted in the purchase from defendant of the required quantity, and it was subsequently delivered upon the premises of plaintiff and used for the purposes stated. After the construction had come well under way, the main floor and parts of the walls were found weak, defective and inadequate by reason of the fact, as claimed by plaintiff, that the cement used therein, and so supplied by defendant, was of a poor and inferior quality and wholly unfit for the particular purpose, and had to be torn down and rebuilt at a considerable cost and expense. By reason of this, plaintiff claims to have suffered damage in the sum of $4,000, and he brought this action to recover the same. The basis of the action, as stated in the complaint, is that defendant represented and warranted the cement as good in quality and fit and suitable for the use intended, upon which plaintiff relied in making the purchase. Defendant interposed by answer, in addition to a denial of the alleged warranty, a counterclaim for the value of the cement and for the foreclosure of a mechanic's lien therefor which had been filed against the property.

At the close of the trial defendant moved the court for a directed verdict for the amount of its asserted lien, which was denied. Thereupon all the issues were submitted to the jury with the result that plaintiff had a verdict for $2,621. Defendant appealed from an order denying its alternative motion for judgment or a new trial.

The assignments of error, challenging the rulings of the court in the admission and exclusion of evidence and in the instructions and refusals

to instruct the jury, are reduced and resolved by counsel for defendant to three distinct principal contentions, namely: (1) That the complaint fails to allege and the evidence fails to show a warranty of quality of the cement, either express or implied; (2) if such warranty be held properly alleged and sufficiently proven, that the evidence wholly fails to show a breach thereof; and (3) that the damages awarded by the jury are excessive.

1. The complaint alleged that, at the time plaintiff purchased the cement, he informed defendant of the purpose for which it was intended, and that with that knowledge defendant warranted it as fit and suitable therefor. It appears from the evidence, in harmony with those allegations, that plaintiff informed defendant that the cement was intended for use in the construction of a concrete factory building, and also made the inquiry whether the cement was good, and defendant replied that it was. Plaintiff relied upon that assurance. We think and so hold that the warranty relied on was sufficiently alleged and that the evidence sustains the allegations. It is not important on the facts here disclosed whether it be called an express or implied warranty, for on the allegations of the complaint as well as on the evidence the warranty shown is just what our Uniform Sales Act (chapter 465, p. 767, Laws 1917), declares an implied warranty. And, even though the complaint be construed as alleging an express warranty, there is nothing therein inconsistent with that which the sales act implies, and that so implied is not thereby destroyed or rendered without force or effect. The general rule that an express warranty excludes one by implication therefore has no application. Chapter 465, p. 772, Laws 1917, subd. 6, § 15.

2. The question whether there was a breach of the warranty, that is, whether the cement was of a good quality and fit for the intended purpose, or whether the result of its use and the weak and defective floor and walls made therefrom followed from an improper mixture of the cement with the right proportion of sand, was, though the question is not entirely free from doubt, a fair question for the jury. It was answered in plaintiff's favor, which the trial court has approved, and there the matter must rest, for our examination of the evidence will not justify the conclusion that the verdict is manifestly unsupported.

3. The damages claimed by plaintiff consisted in various items of cost and expense incurred in the removal of the main floor of the building and parts of the walls, and reconstructing the same with new material, all made necessary by the poor quality of the cement furnished by defendant, together with the rental value of the factory during the period the completion thereof was thus delayed. There was no allegation of general damages. That the items are recoverable is clear. Each represented an actual loss flowing naturally and proximately from the use of the defective cement, and necessarily within the contemplation of the parties. Detwiler v. Downes, 119 Minn. 44, 137 N. W. 422, 50 L.R.A.(N.S.) 753. The amount thereof constitutes the compensation the law intends to award in such cases. 1 Dunnell, Minn. Dig. § 2561; Carli v. Seymour, Sabin & Co. 26 Minn. 276, 3 N. W. 348; City of Winona v. Jackson, 92 Minn. 453, 100 N. W. 368; Hydraulic-Press Brick Co. v. Haynes Bread Co. 128 Minn. 401, 151 N. W. 140. The rule applies to the loss of the use of the building during the delay caused by the inferior cement. 8 R. C. L. 490. The complaint is sufficient as against an objection first made on the trial, and there was no error in admitting the evidence showing the damage. The damages, though itemized separately, are general in character, and not special because so specially pointed out.

The case of Liljengren F. & L. Co. v. Mead, 42 Minn. 420, 44 N. W. 306, cited by defendant is not in point. That action involved a breach of contract to deliver window-sash and frames for use in the construction of a building, and defendant's answer to an action to recover the purchase price thereof, alleging damage occasioned by the delay of plaintiff in the delivery of the material as required by the contract, was held defective in not alleging that like sash and frames could not have been procured elsewhere and the delay thus avoided; the damage there claimed was the loss of the use of the building. The rule does not apply to the case at bar, for here the cause of the delay was not discovered until the cement had been used, and the poor quality thereof was not known for some time thereafter.

It is finally urged that deduction in plaintiff's recovery should have been made by the jury to the extent of the value of the cement of good

quality which went into the portions of the building not rebuilt or removed as defective. The court instructed the jury to make such deduction; defendant contends that none was made, therefore, that a new trial should be granted for that reason. In this we do not concur. This feature of the case did not receive much attention at the trial, the main effort of defendant being directed to other issues. We have considered the record with some care and find therein very little upon which the jury could base a definite finding of the amount or value of the cement remaining in the building after the removal of the floor and defective walls. Plaintiff claimed only specific items of damage; defendant interposed in its answer the value of the material as a counterclaim. Plaintiff by direct evidence established his loss and damage, and the burden was upon defendant to make good its claim. As we read the evidence, the allowance of any amount in deduction of plaintiff's established loss would rest almost wholly in speculation and conjecture. In that situation there is no error for which a new trial should be had.

This covers the case and all that need be said in disposing of the appeal. The complaint states a cause of action, the evidence supports the verdict and the record presents no reversible error. The court did not err in overruling the objection to evidence of the payment of $97.50 on the purchase price of the cement. The payment was admitted by the answer of defendant. It was proper evidence at the stage of the case when objected to, and was not again, so far as we discover from the record, referred to on the trial. If counsel were of opinion that the amount thereof should be deducted from plaintiff's recovery, request to that effect should have been made at the time of the charge to the jury; the attention of the court should have then been called to the matter. That was not done.

Order affirmed.