# JOHN BEKKEVOLD v. WILLIAM J. POTTS AND OTHERS.[1]

December 2, 1927.

No. 26,309.

**When there is an implied warranty that article sold is reasonably fit for its purpose.**

1. When the seller of personal property knows the purpose for which it is to be used and the buyer relies upon the seller's judgment that it is suitable therefor, there is an implied warranty that it is reasonably fit for such purpose.

**Such implied warranty is not excluded by wording of contract.**

2. Such implied warranty, attached by the uniform sales act, is not excluded by a provision in a written contract excluding warranties "made" by the seller.

**An implied warranty is imposed by law.**

An implied warranty arises independently and outside the contract and is imposed by operation of law.

**Where one of four units is sold by its tradename, statute is inapplicable.**

3. A sale consisting of four units, only one of which is sold under a tradename, is not free from an implied warranty under G. S. 1923, § 8390(4).

**Finding sustained that there was a breach of the implied warranty.**

4. The evidence supports a finding of breach of the implied warranty.

**No waiver of the breach.**

5. Upon the facts stated in the opinion, plaintiff did not waive the breach of warranty.

Contracts, 13 C. J. p. 567 n. 95.

Sales, 35 Cyc. p. 391 n. 57, 60 New, 71; p. 393 n. 82 New; p. 399 n. 37; p. 404 n. 51; p. 429 n. 30 New.

See note in 22 L. R. A. 189; 15 L.R.A.(N.S.) 868; 31 L.R.A.(N.S.) 783; 34 L.R.A.(N.S.) 737; 16 A. L. R. 869; 24 R. C. L. 187; 4 R. C. L. Supp. 1531.

[1]Reported in 216 N W. 790.

Defendants appealed from an order of the district court for Hennepin county, Waite, J. denying their alternative motion for judgment or a new trial.    Affirmed.

*Prendergast & Flannery,* for appellants.

*Clyde C. Johnson* and *E. S. Slater,* for respondent.

WILSON, C. J.:

Defendants appealed from an order denying their alternative motion for judgment non obstante or a new trial.

The action is to recover money paid upon the purchase price of a Fordson tractor, a two-wheel truck used as a trailer, a connecting hitch and a hydraulic hoist for unloading.

1 and 2.    The contract of sale contained a printed provision: "No warranties have been made in reference to said motor vehicle by the seller to the buyer unless expressly written hereon at the date of purchase."    None were written thereon.

The proofs, received over the objection that it was in violation of the parol evidence rule, showed that the seller knew the particular purpose for which the outfit was to be used and that the buyer relied upon the seller's judgment that it was suitable.    There was therefore an implied warranty, unless excluded by the said language of the contract, that the machinery was reasonably fit for such purpose.    G. S. 1923, § 8390(1).    If such implied warranty was so excluded, the evidence was erroneously received; otherwise not.

Such an implied warranty of the fitness of an article sold, under such circumstances, for the purpose for which it is to be used, is superseded by an express warranty covering the same matter only if inconsistent therewith.    G. S. 1923, § 8390(6).    If there be an inconsistent express warranty that covers only a part of the matters covered by an implied warranty, the purchaser may avail himself of as much of the implied warranty as is not covered by such express warranty.    It is only when an implied warranty is inconsistent with an express provision of the contract, that all implied warranties are merged in or superseded by the express provisions of the contract.    In other words, warranties are not implied in conflict with the express terms of the contract.    It has always

been competent for the parties to put their entire agreement in writing and to expressly stipulate that no obligation arising out of an oral agreement, imposition of law, or otherwise shall rest upon either save as defined by their written agreement. If the parties wish to avoid the implied warranty they must in form or in substance contract against it.

An implied warranty is not one of the contractual·elements of an agreement. It is not one of the essential elements to be stated in the contract nor does its application or effective existence rest or depend upon the affirmative intention of·the parties. It is a child of the law. Because of the acts of the parties, it is imposed by the law. It arises independently and outside of the contract. The law annexes it to the contract. It writes it, by implication, into the contract which the parties have made. Its origin and use are to promote high standards in business and to discourage sharp dealings. It rests upon the principle that "honesty is the best policy," and it contemplates business transactions in which both parties may profit. Defendants' claim does not commend itself to us as consistent with the honesty of purpose with which they are entitled to be credited in their dealings with their customers. The doctrine of implied warranty should be extended rather than restricted.

In Hooven & Allison Co. v. Wirtz, 15 N. D. 477, 480, 107 N. W. 1078, the contract stated "no agreement, condition, or stipulation, verbal or otherwise, * * * will˙be recognized." The court held that this related exclusively to warranties by agreement, by contract, verbal or written, or express warranties; and not to implied warranties which are not matters of agreement but arise by operation of law. This rule was followed in Comptograph Co. v. Citizens Bank, 32 N. D. 59, 155 N. W. 680.

In Minneapolis S. & M. Co. v. Casey Land Agency, 51 N. D. 832, 838, 201 N. W. 172, the contract made certain express warranties and then stated, the "instrument comprises the entire contract between the parties * * * and any verbal * * * agreements outside of, or contradictory to, the foregoing terms and warranty are * * * void." The court said [at p. 841]: "The stipulation is that they comprise the entire contract between the parties. Inas-

much as the warranties implied by law arise independently and out-side of the contract, this provision does not exclude implied war-ranties."

In Colt Co. v. Bridges, 162 Ga. 154, 155, 132 S. E. 889, the contract states: "This instrument * * * covers all the agreements be-tween the purchaser and the company." It expressly warranted the apparatus "a thoroughly durable Galvanized Steel Acetylene Generator, automatic in action, and of good material and workman-ship, and that it is on the permitted list of the National Board of Fire Underwriters." *Held* that the implied warranty of suitable-ness for use sold was not excluded.

Our decisions touch only some of the fundamentals involved. Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5; Kitowski v. Thompson Yards, Inc. 150 Minn. 436, 185 N. W. 504; Baumgartner v. Glesener, 171 Minn. 289, 214 N. W. 27; see also Kellogg Bridge Co. v. Hamil-ton, 110 U. S. 108, 3 S. Ct. 537, 28 L. ed. 86, and Hoe v. Sanborn, 21 N. Y. 552, 78 Am. D. 163.

In the case at bar the parties say "no warranties have been made * * * by the seller to the buyer unless * * * written hereon." None were written thereon. We are of the opinion that the parties intended to say that no contractual warranties had been made; that the seller had not spoken or written any warranty in reference to the outfit. There was no other way by which such warranties could have been "made." No action of the parties was necessary to "make" that implied warranty which the law writes into it. We must conclude that the parties did not intend to exclude the im-plied warranty which could easily have been done in unmistakable terms had they so chosen. Hence there was no error in receiving the evidence to prove the breach thereof. This conclusion is con-sistent with the uniform sales act. Minneapolis S. & M. Co. v. Casey Land Agency, 51 N. D. 832, 201 N. W. 172.

There are some authorities which may seem to be in conflict with our construction of the language in question, but most if not all of such cases will be found easily distinguishable.

In Bagley v. General Fire Extinguisher Co. (C. C. A.) 150 F. 284, 285, the language which was construed as excluding an implied

warranty was: "It is explicitly understood and agreed that no obligations * * * shall be binding upon either party." Note the word "obligations" which is not limited to contractual obligations but includes those imposed by law. In substance this is the same as the language in International Harvester Co. v. Bean, 159 Ky. 842, 846, 169 S. W. 549, which said: "This express warranty excludes all implied warranties." This last case also illustrates how easy it is to exclude the implied warranty if the parties so wish to contract. The parties may exclude all warranties. Ross v. Northrup, King & Co. 156 Wis. 327, 144 N. W. 1124.

In Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 520, 101 N. W. 903, the language construed as excluding the implied warranty was: "It is understood the goods are warranted only against breakage caused by manifest defect in material." The word "only" restricted the meaning of the word "warranted."

In Somerville v. Gullett Gin Co. 137 Tenn. 509, 512, 194 S. W. 576, the language construed as excluding an implied warranty was: "* * * is sold subject to warranty expressed on the back hereof, and no other."

In The Nuska (D. C.) 300 F. 231, the decision perhaps rests on the theory that the express warranty excluded the implied warranty. To the extent that it exceeds this principle it may not be in harmony with our conclusion. Nor do we choose to adopt the reasoning in International Harvester Co. v. Bean, 159 Ky. 842, 169 S. W. 549.

In Oldfield v. International Motor Co. 138 Md. 35, 39, 113 A. 632, the implied warranty was excluded by "no guarantee express or implied other than herein stated is made by the Company."

In Alexander v. Sola (Sup. Ct.) 185 N. Y. S. 869, 870, the implied warranty was excluded by "descriptions, quality and condition not guaranteed. Tobacco sold 'as is' at time of sale. * * * Examine the goods before buying. No allowance will be made for any cause."

In Minneapolis Th. M. Co. v. Hocking, 54 N. D. 559, 562, 209 N. W. 996, the implied warranty was excluded by "there are no representations, agreements, obligations or conditions express or implied, statutory or otherwise, relating to the subject matter hereof, other than herein contained."

3. Respondent seeks to escape the implied warranty by virtue of subd. (4) of said statute which provides that there is no implied warranty when a specified article is sold under "its patent or other trade name." This statute is inapplicable. The tractor was a "Fordson." The record does not show the name, make, patent or tradename of the trailer, connecting device, or the hoisting equipment. All these pieces of machinery were sold to be operated together as one outfit. Nor does the record support the assertion that the outfit was sold by "sample" within the meaning of G. S. 1923, § 8391.

4. The court properly instructed the jury that the implied warranty under the statute was an incident to this sale. The jury found a breach thereof. The evidence was sufficient to show that the machinery was not suitable to do the work for which it was sold.

5. In June, 1923, plaintiff notified defendants of the things constituting the breach of the implied warranty and asked for the return of the money which he had paid. Defendants asked that further efforts be made to get the outfit to work satisfactorily. Plaintiff yielded. The supplementary contract was made. It contemplated an extinguishment of the then right to recover damages if the outfit was made to work. It expressly recognized the continuance of the original contract except as modified. Thereafter both instruments were necessary to disclose the contract. It contained defendants' agreement to furnish a skilled mechanic to maintain the outfit in good working order. This was not done. The same trouble continued. The outfit was returned to defendants in November.

We are asked to hold that plaintiff waived the breach of warranty in part because of the making of the supplemental contract. Plaintiff offered to return the outfit. Defendants sought time in which to make it work. They asked plaintiff to make further effort. The modification of the contract was primarily for defendants' benefit and had they been able to perform it would not now be necessary to a waiver. Under the circumstances, plaintiff cannot be made to suffer because of the indulgence to defendants.

Affirmed.