# MARJORIE McLEOD v. HOLT MOTOR COMPANY.[1]

November 8, 1940.

No. 32,433.

[1]Reported in 294 N. W. 479.

*Middaugh & Smythe,* for appellant.
*Jenswold & Dahle* and *Chester W. Johnson,* for respondent.

LORING, JUSTICE.

This is an appeal from an order denying plaintiff's motion for a new trial after verdict for defendant in an action to recover property damages sustained as a result of an automobile accident which occurred in Iowa, August 11, 1939.

At the time of the accident plaintiff was on her way from Duluth to California, accompanied by two other ladies and a young man who was to assist her with the driving. The car in which she was driving had been purchased from defendant by her the day before she started to California. It was a used car and had belonged to one Le Torneau and, at the time she first saw and rode in it, had not been delivered to the defendant. One of the defendant's salesmen took her out to Le Torneau's residence to interview him with reference to the condition of the car. In the presence of the salesman, Le Torneau advised her that the car was in good condition, with the exception of two trivial items. She inquired especially about the tires, and he told her that two of them had been purchased new and two were used tires but appeared to be in good condition. As a part of the transaction of purchase, the defendant agreed to service the car before she started. The defendant took some dents out of the fenders and had the car greased, including repacking the bearings of the front wheels. On leaving Duluth she experienced some difficulty with the steering, which she attributed to a loose steering wheel. She was, however, able to keep the car on the road until she got near Colo, Iowa, where the left rear tire blew out while she was going between 45 and 50 miles an hour.

She brought suit on the theory of misrepresentation and breach of warranty as to the condition of the car but also alleged negligence in connection with the tires and servicing. The insurance company which had paid her part of the damage to the car intervened as subrogee. At the commencement of the trial, on motion of the defendant, the court required plaintiff, over her objection, to elect as to whether she would proceed in tort or for damages for breach of warranty. She elected to proceed in tort for negligence, and the trial resulted in a verdict for the defendant.

The two principal questions presented by the appeal are: First, whether or not it was error to require plaintiff to elect upon which theory she would proceed; and, second, alleged error in the charge to the jury.

■ As to the requirement of election, the error, if any, and we do not decide that there was, was without prejudice to the plaintiff because at the time she purchased the car she signed a car order "subject to conditions on the reverse side hereof," among which was one which provided that "Used Cars sold for $200.00 or more by the Holt Motor Company are warranted by them and a written Warranty is issued and delivered to the purchaser at the time of delivery of the Used Car to the purchaser." The company delivered to her a document called a "30 Day Guarantee," in which it was provided: "This guarantee does not cover body, chassis, tires, battery, ignition, etc. * * * Any promises or understandings not herein specified in writing are hereby expressly waived." What there was left in the used car to be covered by the warranty is not very clear, but the provision that the promises and understandings must be in writing and the exclusion of the tires eliminates the cause of action for breach of warranty. Hence the action of the trial court was without prejudice to the plaintiff. We do not decide whether or not the requirement of election was error.

476

■ The court charged, over plaintiff's objection and upon request of the defendant:

"Even if you should find from the evidence that defendant was negligent in the inspection of the said tires and in the inspection and servicing of the right front wheel of said automobile, if you should further find that by reason of driving at an unreasonable rate of speed, and such speed contributed to the cause of the accident and the resulting damages, your verdict would be for the defendant."

We find no evidence in the record to justify the submission of plaintiff's negligence in regard to excessive speed as the proximate or a contributing cause of the accident. She had driven the car nearly 400 miles, and, while steering had been difficult, she had succeeded in keeping the car on the road, and we do not regard a speed of 45 to 50 miles an hour as justification for a finding of contributory negligence under the conditions in which she was driving. She had no reason to anticipate a blowout, had been assured by both the defendant's manager, who had checked over the tires, and by the former owner of the car that the tires looked all right. The car had been serviced by the defendant, which gave her some assurance that if there were anything patently wrong it would either have been corrected or called to her attention. She might reasonably, under the circumstances, attribute the difficulty in steering to a loose steering wheel. It was reversible error to submit excessive speed as an element of contributory negligence.

■ After the accident it was found that all the lugs or stud bolts which fastened the right front wheel to the hub were so loose that they were removed without a wrench merely by turning them with the fingers. The evidence of the experts for plaintiff and defendant was, as frequently occurs, diametrically opposed; but, from the testimony of the plaintiff's experts, it was a fair inference that the loose-

ness of the lugs caused enough wobbling in the front wheel to cause the difficulty with the steering which plaintiff had attributed to the steering and that that looseness was the result of the failure of the defendant to tighten these lugs at the time that the bearings of the front wheel were packed. The defendant's serviceman who did the greasing testified that if there was any play in the stud bolts it was a part of the wheel-packing job to discover and tighten them. The stud bolts are not removed in order to pack the front wheels, but in readjusting the front wheel bearings after the packing job any play in the stud bolts would be revealed. We think that on the record there was a fair question for the jury as to defendant's negligence in respect to the loose stud bolts and as to whether they contributed as a proximate cause of the accident.

■ So far as defendant's negligence with reference to the retreaded tire is concerned, we approve the rule laid down by the United States Circuit Court of Appeals, Eighth Circuit, in the case of Egan Chevrolet Co. v. Bruner, 102 F. (2d) 373, 375, 122 A. L. R. 987:

"A retail dealer who takes a used truck in trade and undertakes to repair and recondition it for resale for use upon the public highways owes a duty to the public to use reasonable care in the making of tests for the purpose of detecting defects which would make the truck a menace to those who might use it or come in contact with it and in making the repairs necessary to render the truck reasonably safe for use upon the public highways, and is charged with knowledge of defects which are patent or discoverable in the exercise of ordinary care. * * * The rule does not mean — as the appellant seems to fear — that a dealer in used motor vehicles, who undertakes to recondition a truck for resale, becomes virtually an insurer of the safety of the truck he sells, nor does it mean that he is required to disassemble an entire truck to examine each of its parts."

Upon another trial the evidence may or may not disclose a condition which required defendant, in the exercise of ordinary care, to disassemble the tire to determine its safety.

The order of the trial court is reversed and a new trial granted.

