DONALD W. McPEAK v. WILLIAM E. BOKER AND ANOTHER.[1]

April 25, 1952.

No. 35,714.

[1]Reported in 53 N. W. (2d) 130.

*John C. Styer* and *Neumeier, Harrigan & Eckberg,* for appellant.
*Furlow & Pemberton,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order of the district court for Washington county denying the alternative motion of defendant William E. Boker (hereinafter referred to as appellant) for judgment notwithstanding the verdict or a new trial. The action was for breach of warranty in the sale of a cruiser. While appellant assigns numerous errors, it is conceded that only one question is presented for decision. That is whether a purported disclaimer in the bill of sale was an effective disclaimer as to an implied warranty of fitness for use.

Appellant was the owner of the cruiser, which was about ten years old. Sunnyside Marine, Inc. (hereinafter referred to as Sunnyside) was agent for appellant in the sale of the boat to plaintiff, but a directed verdict was entered for Sunnyside after an election to this effect by plaintiff.

Appellant stored the cruiser with Sunnyside during the winter of 1949-1950 and authorized the latter to sell it. Plaintiff bought it on April 7, 1950, for $4,750. When plaintiff took the boat into the water it began to leak. It turned out that there was dry rot in the bottom. Plaintiff had the boat repaired, and in this action he recovered a verdict for $1,835 in damages.

We need not go into the whole transaction leading up to the sale, since the only question presented is the effect of the purported disclaimer. This was in the bill of sale, as follows:

"Boat represented as being in good physical-mechanical condition but not guaranteed in any way."

Mr. Diehl Jerome, president of Sunnyside, testified as follows:

"Q. Mr. Jerome, at the time of the signing of the contract in evidence was there some discussion with Mr. McPeak as to what you meant by inserting those words 'No guarantee'?

"A. Not to the extent of discussion. As I read the contract to them he asked about not guaranteeing and I told him it was common boat practice to have that phrase in there because, gosh, you don't know. The fellow might take the boat and go down the river and hit a dead head and say, 'Here, this boat is guaranteed. It is rotten on the bottom.'

"Q. Is that the way you explained it to Mr. McPeak at that time?

"A. I don't think I used those words but that essentially."

The court charged the jury as follows:

"Now the Court has determined in this case that as a matter of law that provision, which I have just quoted, does not disclaim or exclude the implied warranty provided for by the statute just cited, and you will not consider it as such in determining the issue of this case."

Was this instruction correct? M. S. A. 512.15 provides:

"Subject to * * *:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

■ This court has been consistently strict as to disclaimers purportedly affecting implied warranties. Thus, in Federal Motor Truck Sales Corp. v. Shanus, 190 Minn. 5, 8, 250 N. W. 713, 714, a sales contract stated:

"No warranties have been made in reference to said property by the seller to the purchaser unless expressly written hereon at the date of purchase."

This court held that this language did not exclude implied warranty, saying (190 Minn. 10, 250 N. W. 715):

"* * * Implied warranties are for the protection of the buyer, and if the seller desires to exclude the same from the article sold it should be done in direct and plain language * * *."

In Bekkevold v. Potts, 173 Minn. 87, 88, 216 N. W. 790, 59 A. L. R. 1164, a contract stated: "No warranties have been made * * * unless * * * written hereon." We held that an implied warranty was not excluded, saying (173 Minn. 89, 216 N. W. 791):

"An implied warranty is not one of the contractual elements of an agreement. It is not one of the essential elements to be stated in the contract nor does its application or effective existence rest or depend upon the affirmative intention of the parties. It is a child of the law. Because of the acts of the parties, it is imposed by the law. It arises independently and outside of the contract. The law annexes it to the contract. It writes it, by implication, into the contract which the parties have made. Its origin and use are to promote high standards in business and to discourage sharp dealings. It rests upon the principle that 'honesty is the best policy,' and it contemplates business transactions in which both parties may profit. Defendants' claim does not commend itself to us as consistent with the honesty of purpose with which they are entitled to be credited in their dealings with their customers. The doctrine of implied warranty should be extended rather than restricted."

And we said (173 Minn. 90, 216 N. W. 791):

"* * * We are of the opinion that the parties intended to say that no contractual warranties had been made; that the seller had not spoken or written any warranty in reference to the outfit. There was no other way by which such warranties could have been 'made.' No action of the parties was necessary to 'make' that implied warranty which the law writes into it. We must conclude that the parties did not intend to exclude the implied warranty which could easily have been done in unmistakable terms had they so chosen."

We further stated (173 Minn. 92, 216 N. W. 792):

"The court properly instructed the jury that the implied warranty under the statute was an incident to this sale. The jury found a breach thereof. The evidence was sufficient to show that the machinery was not suitable to do the work for which it was sold."

In National Equipment Corp. v. Moore, 189 Minn. 632, 635, 250 N. W. 677, 678, the conditional sales contract stated:

"It is expressly understood that this contract shall not be subject to countermand to the damage of the seller and that it covers all agreements concerning this transaction of every name and nature and no representations made by an agent or any other person not included herein shall be binding. * * * The property herein specified is guaranteed by the seller to be made of good material in a workmanlike manner, and any parts proving defective within 90 days from date of shipment will be furnished free * * *. But it is understood that when machines are furnished with power, the engine or motor is sold with manufacturer's guarantee only."

We held (189 Minn. 635, 250 N. W. 678):

"* * * We are also of the opinion that the language above quoted from the conditional sales contract does not exclude the existence of implied warranty under the construction placed upon the uniform sales act * * *."

Appellant cites Despatch Oven Co. v. Rauenhorst, 229 Minn. 436, 439, 40 N. W. (2d) 73, 76. In that case, the contract provided that "Contractor *assumes no liability* for consequential damages of any kind * * *." We held that the contractor was not liable for consequential damages. Cf. McLeod v. Holt Motor Co. 208 Minn. 473, 294 N. W. 479 (exclusion of warranty as to tires).

The two latter cases are not in disagreement with the other cases cited. We have consistently said that implied warranties may be disclaimed, but at the same time we have held that to be effective such disclaimers must be clear and explicit.

It is a general rule of contracts that where there is ambiguity in a contract which requires extrinsic evidence, unless the evidence is conclusive and undisputed, there is a question for the jury; contra where the evidence is conclusive and undisputed and renders the meaning of the contract clear.[2]

But the rule is different as to purported disclaimers of implied warranties. We have repeatedly said that to be effective the disclaimer must be clear and unambiguous. This means, without more, that if the purported disclaimer is ambiguous it is not effective.

■ In the instant case, the language was "represented as being in good physical-mechanical condition but not guaranteed in any way." Even if we should assume that the statement as to representation was not operative, the use of the word "guaranteed" in itself is ambiguous.

In Saranac Automatic Mach. Corp. v. Duke (5 Cir.) 67 F. (2d) 436, 437, the court said:

"'* * * Strictly speaking, there is a difference in meaning between the words 'guaranty' and 'warranty'; the former is a collateral undertaking against some future default, whereas the latter is an undertaking 'in praesenti as well as in futuro, against the defect, or for the quantity or quality contemplated by the parties in the subject matter of the contract.'"

The court went on to say that the words "guaranty" and "warranty" frequently are used interchangeably, and it held that in that case the undertaking should be construed to be a warranty, thus construing it for the benefit of the buyer. Cf. Gay Oil Co. v. Roach, 93 Ark. 454, 125 S. W. 122, 27 L.R.A.(N.S.) 914 (guaranty against leakage).

We have held (see cases cited above) that implied warranty is not based on contract of the parties, but arises by operation of the statute. Therefore, if a purported disclaimer says "not guaranteed,"

---

[2]See, e. g., Wiseth v. Goodridge Farmers E. & M. Co. 197 Minn. 261, 266 N. W. 850; Hayday v. Hammermill Paper Co. 184 Minn. 8, 237 N. W. 600; Leslie v. Minneapolis Teachers R. F. Assn. 218 Minn. 369, 16 N. W. (2d) 313; T. R. Foley Co. v. McKinley, 114 Minn. 271, 131 N. W. 316.

it is at least ambiguous as to whether the parties intended no express guaranty or whether they intended to include implied warranties in the disclaimer. Cf. Bekkevold v. Potts, 173 Minn. 87, 216 N. W. 790, 59 A. L. R. 1164.

The disclaimer in the case at bar was tied to a statement as to a representation of good condition. Since plaintiff has conceded that there was no effective express warranty, we do not consider this representation except as it adds to the ambiguity of the purported disclaimer. With three factors in the statement giving rise to ambiguity, we must hold that the disclaimer was ambiguous and so did not exclude implied warranty.[3]

Therefore, the order of the trial court is affirmed.

Affirmed.

---

[3]We have found no Minnesota case squarely in point with the instant one. We have found a line of cases by the Georgia court in point as to the facts. That court held that "not being guaranteed" excluded any implied warranty. Harrell v. Holman, 21 Ga. App. 159, 93 S. E. 1021; Branch v. James & Peddy, 4 Ga. App. 90, 60 S. E. 1027. Accord, Jones v. George S. Riley Jr. Co. 14 Ga. App. 84, 80 S. E. 341. However, a reading of the cases will show that the Georgia court has followed a different rule from that of Minnesota as to disclaimers of implied warranties. We have held that such disclaimers must be clear and explicit. There is no such requirement by the Georgia court, so the cases are to be distinguished on the law. As to warranty disclaimers generally, see 23 Minn. L. Rev. 784, and Prosser, *The Implied Warranty of Merchantable Quality*, 27 Minn. L. Rev. 117, 157.